734 So.2d 1253 (1999)
Tammy B. ALFORD, Plaintiff-Appellant,
v.
STATE FARM AUTOMOBILE INSURANCE COMPANY, et al., Defendant-Appellee.
No. 31,763-CA.
Court of Appeal of Louisiana, Second Circuit.
May 5, 1999.
*1254 Travis M. Holley, Bastrop, Counsel for Appellant.
Mike C. Sanders, Monroe, Counsel for Appellee.
Before WILLIAMS, CARAWAY and DREW, JJ.
WILLIAMS, Judge.
In this action for damages arising from a motor vehicle accident, the plaintiff, Tammy Alford, appeals a summary judgment rendered in favor of the defendants, Jo-Mac Supply Company of Arcadia, Inc. ("Jo-Mac Supply") and its insurer, American Central Insurance Company ("American Central"). Plaintiff alleged that Jo-Mac Supply was vicariously liable for the negligence of its employee, whose fault caused the accident. The district court found that the defendants were not liable because the worker was not within the course and scope of her employment when the accident occurred. For the following reasons, we reverse and remand.

FACTS
On December 9, 1996, the plaintiff was driving on Highway 151 in Lincoln Parish, Louisiana, when her vehicle was struck by an automobile driven by Treba Vallery and owned by her husband, Wayne Vallery. The accident occurred as a result of Treba Vallery's negligence in failing to yield at an intersection and liability is not at issue on appeal. At all relevant times, Treba Vallery was employed as a secretary at the Jo-Mac Supply store in Arcadia. Her husband worked as manager of the store, which sells oil field equipment.
On the date of the accident, Treba had completed her secretarial duties and was preparing to leave work when Jo-Mac Supply received an order for a parts delivery to Dubach Gas, located in Dubach, Louisiana. Although Treba had not previously made such a delivery, none of the three other store employees who regularly made deliveries were available. Treba agreed to drive with her daughter to Dubach to deliver the part for her employer. After delivering the part, Treba had begun her return trip when the accident occurred.
Wayne and Treba Vallery were insured under an automobile liability policy issued by State Farm Mutual Insurance Company, which paid to plaintiff the policy limits of $100,000. In exchange for the payment, the plaintiff signed a release with a specific reservation to proceed against Jo-Mac Supply or American Central to recover any additional proceeds available under other liability coverage of Wayne and Treba Vallery. American Central issued a policy to Jo-Mac Supply providing liability insurance coverage for vehicles which were owned by third parties and were used by employees in the course of their employment.
The plaintiff and defendants filed motions for summary judgment on the issue of whether Treba Vallery was acting in the scope of her employment at the time of the accident. After a hearing, the district court granted the defendants' motion for summary judgment, finding that Treba Vallery was not engaged in employment for Jo-Mac at the time of the accident and dismissing plaintiff's claim for recovery under the policy. The plaintiff appeals the judgment.

*1255 DISCUSSION
The plaintiff contends the trial court erred in granting the defendants' motion for summary judgment. Plaintiff argues that the defendants are liable for damages because the negligent driver was acting within the course and scope of her employment when the accident occurred.
Summary judgment shall be rendered if the pleadings, depositions, answers to interrogatories, admissions on file, and any affidavits, show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966. The mover has the burden of establishing the absence of a genuine issue of material fact. If the movant will not bear the burden of proof at trial on the matter, the mover is required to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim or action. LSA-C.C.P. art. 966(C)(2). Appellate courts review summary judgments de novo under the same criteria that govern the district court's consideration of whether summary judgment is appropriate. NAB Natural Resources v. Willamette Industries, Inc., 28,555 (La.App.2d Cir.8/21/96), 679 So.2d 477.
An employer is answerable for the damage caused by its employee in the exercise of the functions in which the worker is employed. LSA-C.C. art. 2320. An employer's vicarious liability for conduct not his own extends only to the employee's tortious conduct which occurs within the course and scope of that employment. Orgeron v. McDonald, 93-1353 (La.7/5/94), 639 So.2d 224. The general rule is that an employee, in going to and from work, is not considered as acting within the course and scope of her employment so as to render the employer liable to third persons for the employee's negligence. Vaughan v. Hair, 94-86 (La.App. 3rd Cir. 10/5/94), 645 So.2d 1177.
The required inquiry is whether the employee's negligent conduct is so closely connected in time, place and causation to her employment duties as to be regarded as a risk of harm fairly attributable to the employer's business, as compared with conduct motivated by purely personal considerations entirely extraneous to the employer's interest. Orgeron, supra; Vaughan v. Hair, supra. In determining whether the employee's conduct is employment related, the court assesses several factors, including the payment of wages by the employer; the employer's power of control; the employee's duty to perform the act in question; the time, place and purpose of the act in relation to the employer's service; the relationship between the employee's act and the employer's business; the benefits received by the employer from the act; the employee's motivation for performing the act; and the employer's reasonable expectation that the employee would perform the act. Orgeron, supra.
The present case involves an employee who most often traveled between a fixed workplace and home. However, this is not a simple commuter case, since Treba Vallery was not driving home from her work site when the accident occurred, but was returning from a destination to which she had traveled for her employer's business. In general, an employee is acting within the course and scope of her employment when the conduct is the type she is employed to perform, occurs substantially within the authorized limits of time and space, and is activated at least in part by a purpose to serve the employer. Orgeron, supra.
Pursuant to Article 966, the defendants carry the burden of demonstrating to the court an absence of factual support for one or more elements essential to the plaintiffs claim. The record contains a deposition by Wayne Vallery, who testified that the defendant, Jo-Mac, needed to have equipment delivered to a customer, that the other employees were not in the office and since Treba was available, he gave her directions for the drive to Dubach. *1256 In her deposition, Treba Vallery testified that as a salaried employee of Jo-Mac, she did not work set hours, and that her job duties included "whatever ... needs to be done." Treba stated that she drove to Dubach because her employer needed a delivery made to a customer. Treba testified that she did not stop anywhere after delivering the part to Dubach Gas and her testimony indicates that the accident occurred in relatively close proximity to the customer's location.
Based on the depositions submitted in connection with the motions for summary judgment, there is evidence that Treba Vallery was an employee who was hired to perform tasks as required by the employer, including deliveries, that she had traveled to Dubach at least in part to serve the purpose of her employer, and that the accident occurred within a short time and distance from the place of delivery. In light of the facts contained in the record, we conclude that defendants have failed to satisfy their burden of demonstrating a lack of sufficient factual support for the plaintiff's claim of vicarious liability. The factual inquiry of whether the employee's above-mentioned conduct is so closely connected in time, place and causation to her employment duties so as to constitute a risk of harm attributable to the employer's business remains in dispute between the parties. Consequently, the district court erred in granting the defendants' motion for summary judgment.

CONCLUSION
For the foregoing reasons, the district court's summary judgment in favor of the defendants, Jo-Mac Supply Company of Arcadia, Inc., and American Central Insurance Company, is reversed. The case is remanded to the district court for further proceedings. Costs of this appeal are assessed to the defendants.
REVERSED AND REMANDED.
CARAWAY. J., concurs with written reasons.
CARAWAY, J., concurring.
I concur in the reversal of the trial court's grant of defendants' motion for summary judgment and its dismissal of this case. Nevertheless, in this setting, both parties filed cross-motions for summary judgment before the trial court using the same deposition testimony of Mr. and Mrs. Vallery, and both parties agree that there are no factual disputes. Therefore, since I agree with the parties and believe there are no additional facts to be developed upon remand, particularly facts concerning Mrs. Vallery's brief actions after making the delivery for her employer and in proceeding to the point of the accident, I believe that as a matter of law Mrs. Vallery has been shown to have been acting in the course and scope of her employment, and plaintiff's partial motion for summary judgment should be granted resolving the central issue of this case.
Accepting the defendants' view that Mrs. Vallery volunteered to make the delivery to the customer in Dubach when no other employee was available to perform this important business task, Mrs. Vallery's fifty-mile round trip between Arcadia and Dubach must nevertheless be viewed as more than just a simple, nonbusiness favor for her employer. As the defendants properly had to concede in their brief to this court, "a more proper analysis indicates that [Mrs. Vallery] may well have been within the course and scope of her employment while making the delivery, because up until that point she was doing something for the benefit of her employer and was not completely free to go where she pleased."
With that concession, the facts occurring after the time of Mrs. Vallery's delivery to the customer in Dubach are uncomplicated and undisputed. She left and drove through Dubach observing some of the homes in the small town with which she was unfamiliar. She then exited Dubach on a rural highway and the accident occurred immediately thereafter.
*1257 How do those facts remove Mrs. Vallery from the course and scope of her employer's mission which had clearly extended through the time of the equipment delivery in Dubach? From my review of the Orgeron case cited by the majority and the mission deviation cases, such as this court's opinion in Timmons v. Silman, 28,139 (La.App.2d Cir.5/10/96), 675 So.2d 287, writ granted, judgments vacated and case remanded, 96-1724 (La.10/11/96), 680 So.2d 661. I must conclude that Mrs. Vallery would not have been on an unfamiliar rural road on the outskirts of Dubach except to promote her employer's purpose and interests. She was therefore still on the employer's mission and not going home from work. Her personal commute home from work was routinely made within the city limits of Arcadia, while this renegotiation of the highways back to Arcadia was caused by the business mission which remained incomplete until she returned to Arcadia.
From a procedural standpoint, this court has on prior occasions reversed the grant of a party's motion for summary judgment and simultaneously granted judgment in favor of the other party whose cross motion for summary judgment on the same legal issue had been denied. Aetna v. Lively-Culpepper Chevrolet, 609 So.2d 1055 (La.App. 2d Cir.1992); Bullock v. Homestead Insurance Co., 29,536 (La. App.2d Cir.6/20/97), 697 So.2d 712. The granting of a partial summary judgment on an issue in the case can be reviewed by ordinary appeal. La. C.C.P. art.1915. Therefore, I would reverse the trial court's ruling and grant summary judgment in favor of the plaintiff on the issue of vicarious liability.