h CARAWAY, J.
In this action arising out of an automobile accident, plaintiffs appeal the trial court’s judgment that the defendant driver was not in the course and scope of her employment at the time of the accident. Finding that the personal errand of the employee was not incidental to her employment, we affirm the ruling of the trial court.

Facts

Stacie Michelle Silman was a full-time employee of Catherine Stagg, an attorney in Monroe. At a luncheon on December 22, 1993, Silman received her Christmas bonus check. After returning to work, *868 Stagg asked Silman to go to the post office, approximately six blocks south of the office in downtown Monroe, and get the postage machine refilled. After getting the postage meter filled, Silman decided to cash her bonus check at a branch bank where she regularly made deposits for Stagg as part of her job. This bank was located approximately eighteen blocks northeast of Stagg’s office and Silman passed within a block of the office on her way to the bank. The fact that Silman was not conducting any business at the bank on her employer’s behalf this day was not in dispute. Near the bank, Silman was involved in an automobile accident with Michael Timmons.
Timmons and his wife filed suit against Silman, her automobile liability insurer and Stagg’s insurer, State Farm Fire and Casualty Insurance Company (“State Farm”). The plaintiffs alleged entitlement to the policy of insurance issued to Stagg because Stagg was Silman’s employer. State Farm filed a motion for summary judgment with the trial court claiming Sil-man was not “in the course and scope of her employment” with Stagg and Stagg was therefore not vicariously liable for Sil-man’s acts. The trial court granted the motion and plaintiffs appealed to this court claiming that although Silman took a slight deviation, it was not | ^sufficient to take her out of the course and -scope of her employment. This court affirmed the trial court. Timmons v. Silman, 28,139 (La.App.2d Cir.5/10/96), 675 So.2d 287. After a further appeal of that ruling, the supreme court granted plaintiffs’ writ, vacated and set aside the judgments of the trial court and this court, and denied State Farm’s motion for summary judgment remanding the matter to the trial court stating that “there are genuine issues of material fact.” Timmons v. Silman, 96-1724 (La.10/11/96), 680 So.2d 661.
After a bench trial on the merits, the trial court ruled in favor of State Farm finding that Silman was not in the course and scope of her employment with Stagg and dismissing- all claims against State Farm. Plaintiffs now appeal this judgment.

Discussion

Effect of First Appeal

Plaintiffs first urge that in denying State Farm’s motion for summary judgment and remanding the matter, the Louisiana Supreme Court in fact determined that Silman was in the course and scope of her employment with Stagg. We disagree.
At the time of the earlier rulings on State Farm’s motion for summary judgment, plaintiffs had not filed a cross motion for summary judgment. From a procedural standpoint, appellate courts have reversed the grant of a party’s motion for summary judgment and simultaneously granted judgment in favor of the other party whose cross motion for summary judgment on the same legal issue has been denied. See Magnon v. Collins, 98-2822 (La.7/7/99), 739 So.2d 191; concurrence of J. Caraway in Alford v. State Farm Automobile Ins. Co., 31,763 (La.App.2d Cir.5/5/99), 734 So.2d 1253 (citing Bullock v. Homestead Ins. Co., 29,536 (La.App.2d Cir.6/20/97), 697 So.2d 712).
^Whether an appellate court can render a summary judgment or partial summary judgment in favor of an appellant under circumstances where no motion for summary judgment was requested at the trial court is now questioned by plaintiffs. Consider, however, Aetna v. Lively-Culpepper Chevrolet, 609 So.2d 1055 (La.App. 2d Cir.1992). To this court, plaintiffs now argue that the supreme court could not grant them judgment in the earlier appeal and simply reversed the lower courts and remanded citing the possibility of material fact issues while implicitly ruling in plaintiffs’ favor.
To the contrary, we take the supreme court’s ruling at its word. The reversal and remand were for the benefit of the plaintiffs to allow, through a trial on the merits, further clarification and the weighing of the time, place and relational factors out of which the disputed vicarious liability *869 might yet have been proven. At the time of State Farm’s initial motion for summary judgment, the time and place factors regarding Silman’s eighteen-block trip from the post office to the bank were not completely detailed. No testimony of Silman’s employer supported the initial motion for summary judgment leaving open the possibility that Silman’s trip to the bank was more employment rooted than meets the eye. Plaintiffs’ allegations that Silman’s mission was reasonably incidental to her employment created material fact issues which were not entirely eliminated by State Farm’s initial motion. We therefore view the supreme court’s decision as having avoided the merits of the vicarious liability issue until plaintiffs were afforded the opportunity to fully try the case.[1]
J^/icarious Liability — Course and Scope of Employment
In determining whether an employee’s conduct is employment related, the court assesses several factors, including the payment of wages by the employer; the employer’s power of control; the employee’s duty to perform the act in question; the time, place and purpose of the act in relation to the employer’s service; the relationship between the employee’s act and the employer’s business; the benefits received by the employer from the act; the employee’s motivation for performing the act; and the employer’s reasonable expectation that the employee would perform the act. Orgeron v. McDonald, 93-1353 (La.7/5/94), 639 So.2d 224; Alford, supra.
Most of these factors for this employment setting were thoroughly reviewed in both the majority and dissenting opinions of this court in the initial appeal. Timmons, supra. . Additionally, upon submission of this case to the trial court, the testimony of the employer, Catherine Stagg, was submitted by State Farm. Stagg confirmed that the downtown post office was within walking distance from her office, and that on occasions secretaries walked to the post office for her firm’s postal business. On the afternoon of the accident, there was a lot of activity in the law office, and Stagg stated she would have objected and not allowed Silman to go to the bank for her personal business. Stagg expected that Silman would go to the post office and return to the office.
From our review of this testimony, we agree with the rationale of the majority ruling of this court in the initial appeal. No additional facts were developed at trial by the plaintiffs showing that the eighteen-block journey to the bank at a location away from the downtown Monroe area was reasonably incidental to Silman’s employment. Accordingly, for the above reasons and for the reasons set forth in our prior opinion, we conclude that the trial court correctly | ¡¡determined that Silman was not acting within the course and scope of her employment at the time the automobile accident occurred and we hereby affirm the trial court’s judgment in favor of State Farm. Costs of this appeal are assessed to appellants.
AFFIRMED.
BROWN, J., dissents with written reasons.

. The fact that the parties ultimately submitted most of the same deposition testimony used for the summary judgment ruling to the trial court for the "trial” of this case likewise does not mean that the supreme court’s ruling now weighs heavily for the plaintiffs. The material fact issues which remained in dispute were left for the trial court, as the fact finder, to resolve, and the "submitted” case, unlike a summary judgment ruling, now requires the appellate court to accord great deference to the trial court's factual findings. Shephard on Behalf of Shephard v. Scheeler, 96-1690 (La.10/21/97), 701 So.2d 1308. Moreover, at the trial of this case, State Farm submitted the deposition of the employer whose testimony further demonstrated that Silman’s errand to the bank was not employment rooted.