WILLIAMS, J.
pThe defendant, State Farm Mutual Automobile Insurance Company (“State Farm”), appeals a summary judgment in favor of the defendants, Shreveport Valley of Ancient and Accepted Scottish Rite and Scottish Rite Bodies of Shreveport, Louisiana. The district court dismissed the claims of the plaintiffs, Catherine and Harold Woolard, finding that the defendants were not vicariously liable for her personal injuries resulting from an automobile acci *838 dent. For the following reasons, we affirm.
FACTS
On the morning of November 4, 2004, a vehicle driven by John Atkinson struck the vehicle driven by Catherine Woolard on U.S. Highway 80 in Bossier Parish. At the time of the accident, Atkinson was driving his personal vehicle from home to his work office in Shreveport. Atkinson was employed as the General Secretary of Shreveport Valley of Ancient and Accepted Scottish Rite and of Scottish Rite Bodies of Shreveport, Louisiana, which are the same entity (hereafter referred to as “Scottish Rite Bodies”). In this job, he performed administrative duties and traveled to various meetings in cities around the state representing Scottish Rite Bodies. Atkinson was paid an annual salary of $25,000 and received $200 per month for work expenses.
Subsequently, the plaintiffs, Catherine and Harold Woolard, filed original and supplemental petitions against various defendants, including Atkinson, his insurer, Kemper Insurance a/k/a Unitrin Home and Auto Insurance Company (“Unitrin”), State Farm (plaintiffs’ UM insurer), Scottish Rite Bodies, Shreveport Scottish Rite Foundation, Inc. | ^“Foundation”), Scottish Rite Temple Company (“Temple”) and Westport Insurance Company (“West-port”), the insurer for Scottish Rite Bodies. Atkinson and Unitrin were later dismissed from the lawsuit. The plaintiffs alleged that the Scottish Rite defendants were vicariously liable as employers of Atkinson and were insured by Westport.
State Farm filed an answer alleging the potential availability of insurance coverage under the Westport policy, if Atkinson was found to have been in the course and scope of his employment when the accident occurred. State Farm alleged that such insurance must be exhausted before State Farm would be liable to pay UM benefits to plaintiffs. In August 2007, the Scottish Rite defendants filed a motion for summary judgment on the grounds that they were not vicariously liable because Atkinson was not in the course and scope of his employment when the accident occurred. Westport also filed a motion for summary judgment. State Farm opposed the motions as to Scottish Rite Bodies and West-port, acknowledging that Atkinson was not employed by Foundation or Temple.
After submission of briefs by the parties, the district court granted the motions for summary judgment filed by the Scottish Rite defendants and Westport. The court found that Atkinson was not in the course and scope of his employment at the time the accident occurred and that he was not an insured under the Westport policy. The district court rendered judgments dismissing plaintiffs’ claims against the Scottish Rite defendants and Westport. State Farm appeals that portion of the summary judgment in favor of Scottish Rite Bodies.
^DISCUSSION
State Farm contends the district court erred in granting summary judgment in favor of Scottish Rite Bodies. State Farm argues that Scottish Rite Bodies was vicariously liable for Atkinson’s negligence in causing the accident, because he was in the course and scope of his employment while driving to work as a result of Scottish Rite Bodies’ monthly payment of work-related travel expenses.
An employer is answerable for the damage caused by its employee in the exercise of the functions in which the worker is employed. LSA-C.C. art. 2320. An employer’s vicarious liability for conduct not his own extends only to the employee’s tortious conduct which occurs within the course and scope of that em *839 ployment. Orgeron v. McDonald, 93-1353 (La.7/5/94), 639 So.2d 224; Alford v. State Farm Automobile Ins. Co., 31,763 (La. App. 2d Cir.5/5/99), 734 So.2d 1253, writs denied, 99-1435, 99-1595 (La.9/3/99), 747 So.2d 544, 548.
An employer is responsible for the negligent acts of its employee when the conduct is so closely connected in time, place and causation to his employment duties as to be regarded as a risk of harm fairly attributable to the employer’s business. Orgeron, supra. In determining whether the employee’s conduct is employment related, the court assesses several factors, including the payment of wages by the employer; the employer’s power of control; the employee’s duty to perform the act in question; the time, place and purpose of the act in relation to the employer’s service; the relationship between the employee’s act and the employer’s business; the |4benefits received by the employer from the act; the employee’s motivation for performing the act; and the employer’s reasonable expectation that the employee would perform the act. Orgeron, supra; Bertrand v. Bollich, 97-164 (La.App. 3rd Cir.6/4/97), 695 So.2d 1384, writ denied, 97-1801 (La.10/13/97), 703 So.2d 621.
The general rule is that an employee, in going to and from work, is not considered as acting within the course and scope of his employment so as to render the employer liable to third persons for the employee’s negligence. Alford, supra; Vaughan v. Hair, 94-86 (La.App. 3rd Cir.10/5/94), 645 So.2d 1177, writ denied, 95-0123 (La.3/10/95), 650 So.2d 1186. The jurisprudence has recognized exceptions to the general rule depending on the circumstances of the case. An accident has been found to be in the course and scope of employment in situations where the employer provided the transportation used by the employee to go to and from work, the employer provided expenses or wages for the time spent traveling in the vehicle, or operation of the vehicle was incidental to or the performance of some employment responsibility. Washington v. Avondale Industries, Inc., 98-0362 (La.App. 4th Cir.3/18/98), 708 So.2d 1254; Vaughan, supra.
Summary judgment shall be rendered if the pleadings, depositions, answers to interrogatories, admissions on file, and any affidavits, show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966. The mover has the burden of establishing the absence of a genuine issue of material fact. If the mover will not bear the burden of proof at trial on the matter, the mover is I ¿required to point out to the court the absence of factual support for one or more elements essential to the adverse party’s claim or action. LSA-C.C.P. art. 966(C)(2). Appellate courts review summary judgments de novo under the same criteria that govern the district court’s consideration of whether summary judgment is appropriate. NAB Natural Resources v. Willamette Industries, Inc., 28,-555 (La.App. 2d Cir.8/21/96), 679 So.2d 477.
In the present case, Atkinson testified in his deposition that Scottish Rite Bodies issued a $200 check to him each month as reimbursement for all of his work-related expenses. Atkinson stated that he did not submit any documentation of his travel expenses to his employer and that he was not specifically reimbursed for the mileage driven. In his affidavit, Atkinson testified that at the time of the accident, he was not responding to a call, traveling to a meeting or obtaining supplies for the benefit of his employer.
*840 Considering the applicable factors, we note that the accident occurred prior to the start of Atkinson’s usual work hours and he was not performing a job duty from which Scottish Rite Bodies received a benefit. Thus, the evidence presented demonstrates that at the time of the accident, Atkinson was commuting to work and was not acting within the course and scope of his employment, unless an exception to this general rule was applicable.
In its appellate brief, State Farm argues that such an exception applied in this case because Scottish Rite Bodies paid Atkinson a monthly allowance for work-related travel expenses and thereby interested itself in his transportation as an incident to the employment agreement. In support of this position, State Farm cites Phillips v. EPCO Carbon Dioxide Products, Inc., 35,740 (La.App. 2d Cir.2/27/02), 810 So.2d 1171.
In the Phillips case, the worker, Phillips, was killed in an accident while driving his personal vehicle from home to work at the EPCO plant in Sterlington. Although Phillips usually worked at the Sterlington plant, his job duties often required him to travel to other EPCO plants in different locations. In addition to his salary, Phillips was paid a monthly car allowance and was reimbursed six cents per mile for his trips to the other EPCO plants, but not for the drive to Sterlington.
In Phillips, the issue was whether the worker’s injuries resulted from an accident arising out of and in the course of his employment under the Workers’ Compensation Act. This court noted that although generally accidents which happen while an employee is traveling to and from work are not considered to have occurred within the course of employment, an exception applies when the employer has “interested himself in the transportation of the employee as an incident to the employment agreement” either by providing transportation or reimbursing the employee’s travel expenses. Phillips, supra. After reviewing the jurisprudential development of this exception in connection with workers’ compensation benefits, we determined that the applicability of the exception rested entirely on the fact that the employer had taken an interest in the employee’s transportation as an incident to the employment, and did not depend on employer control of the employee during the commute. Phillips, supra.
State Farm argues that under the reasoning applied in the Phillips case, Atkinson was acting in the course and scope of his employment when 17driving to work because Scottish Rite Bodies had interested itself in his transportation by the payment of a monthly travel allowance, making Scottish Rite Bodies vicariously liable for Atkinson’s negligence with no need to consider the issue of employer control over the employee’s conduct during the commute. However, the authority cited by State Farm does not support the argument that the same liability standard should apply in both workers’ compensation and tort cases, since liability for compensation benefits is determined by the employer’s conduct regarding its employee, whereas the employer’s vicarious liability to third parties is based upon conduct not its own.
As previously stated, Article 2320 provides the basis for holding an employer liable for the acts of his employee. The controlling phrase in the article is “in the exercise of the functions in which they are employed.” Keen v. Pel State Oil Co., Inc., 332 So.2d 286 (La.App. 2d Cir. 1976)(on rehearing), writ denied, 333 So.2d 234 (La.1976). The nature of the liability provided by Article 2320 causes courts to strictly construe the statute. Keen, supra. Liability should not be broadly imposed on an employer for the torts of his employee *841 where the employer is not himself at fault. As a result, employers are only held liable for the physical acts of their employees over whom they have control, as opposed to workers over whose movements an employer has no right to control. Keen, supra. An employer controls the movements of employees when they are performing duties for the employer and only when this right to control exists may vicarious liability be imposed. When employees are performing functions |sof their employment, it is as though the employer acts through the employee. The employer receives the benefit of those acts and so he must shoulder the liability for any wrongs committed during the performance of the acts. Keen, supra.
Considering the foregoing legal principles, we conclude that the issue of Scottish Rite Bodies’ control over the conduct of Atkinson at the time of the accident is a factor which must be considered in determining vicarious liability, contrary to State Farm’s contention. In this case, the record shows that although Scottish Rite Bodies paid Atkinson a monthly allowance for work expenses, his primary purpose in driving the vehicle on the morning of the accident was to transport himself from home to work. Scottish Rite Bodies did not control Atkinson’s movements in going to and from work and driving the vehicle to work was not a function of his employment. Nor did the employer’s payment of a monthly travel allowance create a genuine issue of material fact as to whether Atkinson was acting within the course and scope of his employment, since State Farm failed to establish that Atkinson was on a mission benefiting Scottish Rite Bodies or was performing a job duty at the time of the accident.
The evidence contained in the record supports the conclusion that Atkinson was not within the course and scope of his employment while driving to work on the morning of the accident and Scottish Rite Bodies was not vicariously liable for the plaintiffs’ damages. Consequently, we cannot say the district court erred in granting summary judgment in favor of Scottish Rite Bodies. The assignment of error lacks merit.
^CONCLUSION
For the foregoing reasons, the district court’s judgment is affirmed. Costs of this appeal are assessed to the appellant, State Farm Mutual Automobile Insurance Company.
AFFIRMED.