WILLIAMS, J.
|,The plaintiffs, Naomi Candler, R. Gean Bennett and Charles G. Shyne, and the defendants, Sehlumberger Technology Company, Christopher Henderson and Travelers Property Casualty Company of America, appeal a judgment granting summary judgment in favor of the defendant, Brookshire Grocery Company, and denying their motion for partial summary judgment. The district court found that Brookshire was not vicariously liable for the negligence of its employee in causing the automobile accident. For the following reasons, we affirm in part, reverse in part and remand for further proceedings.
FACTS
In October 2007, Naomi Candler, R. Gean Bennett and Charles G. Shyne were involved in an automobile accident while driving westbound on Interstate 20 in Bossier Parish. Candler, Bennett and Shyne were seriously injured when an eastbound vehicle driven by Teresa Moseley crossed the median into oncoming traffic and collided with their vehicle. Moseley later stated that she lost control of her vehicle after she turned sharply to avoid a Sehlumberger truck, driven by Christopher Henderson, that crossed in front of her on the Interstate. At the time of the accident, Moseley was driving to Monroe to attend a work-related meeting as part of her job duties for Brookshire Grocery Company (“Brookshire”). Moseley resided in Haughton and worked at the Brook-shire store in Homer, Louisiana. Both of these locations are to the east of the accident site. Moseley had spent the previous night staying with her ill father at his house in Shreveport, which is west of the accident site. On the morning of the collision, Moseley departed 1 ¡¡from her father’s house to drive to Monroe via the Interstate.
Subsequently, the plaintiffs, Naomi Candler, R. Gean Bennett and Charles G. Shyne, filed a petition for damages against the defendants, Sehlumberger Technology Company, Christopher Henderson and their insurer, Travelers Property Casualty Company of America (collectively “Schlum-berger”), Teresa Moseley and her insurer, Progressive Security Insurance Company. The plaintiffs amended their petition to add Brookshire as a party defendant, alleging vicarious liability for the negligence of its employee, Moseley. Sehlumberger then filed a motion for partial summary judgment declaring that Moseley was acting within the course and scope of her employment with Brookshire when the accident occurred. Brookshire opposed the motion and filed a cross-motion for summary judgment declaring that Moseley was not acting within the course and scope of her employment at the time of the accident because her departure from her father’s house was a deviation from her employer’s expectations.
After a hearing, the district court issued a written opinion finding that Brookshire was not vicariously liable for Moseley’s negligence because her act of leaving from her father’s house, rather .than from her own house or her workplace, took her miles away from the departure point expected by her employer and constituted a deviation from Brookshire’s reasonable expectation of its “zone of risk.” The district court rendered judgment granting Brook-shire’s motion for summary judgment, denying Schlumberger’s motion and dismissing plaintiffs’ claims against | ^Brookshire. The court certified the summary judgment in favor of Brookshire as a final appealable judgment under LSA-C.C.P. art. 1915(B). The plaintiffs and Sehlumberger appeal the judgment.
*590 DISCUSSION
The plaintiffs and Schlumberger contend the district court erred in granting Brook-shire’s motion for summary judgment. They argue that Brookshire is liable for damages caused by Moseley’s negligence because she was acting within the course and scope of her employment and had not deviated at the time of the accident.
Employers are answerable for the damage caused by their employees in the exercise of the functions in which the worker is employed. LSA-C.C. art. 2320. An employer’s vicarious liability for conduct not his own extends only to the employee’s tortious conduct which occurs within the course and scope of the employment. Orgeron v. McDonald, 93-1353 (La.7/5/94), 639 So.2d 224; Alford v. State Farm Automobile Ins. Co., 31,763 (La. App.2d Cir.5/5/99), 734 So.2d 1253, writs denied, 99-1435, 1595 (La.9/3/99), 747 So.2d 544, 548. In general, an employee is acting within the course and scope of her employment when the conduct is the type she is employed to perform, occurs substantially within the authorized limits of time and space, and is activated at least in part by a purpose to serve the employer. Timmons v. Silman, 99-3264 (La.5/16/00), 761 So.2d 507.
An employer is responsible for the negligent acts of its employee when the conduct is so closely connected in time, place and causation to the employee’s job duties as to constitute a risk of harm attributable to the Lemployer’s business. Orgeron, supra; Alford, supra. Such a connection is established when the employer has reason to expect the employee to undertake the mission and the employee reasonably expected to be compensated for the task. Young v. Mooney, 01-1592 (La. App.3rd Cir.5/1/02), 815 So.2d 1107. A minor deviation from the mission will not remove the employee from the business errand if the deviation is humanly incidental to the employee’s service and does not unreasonably increase the risk of injury. Young, supra. In determining whether the employee’s conduct is employment-related, the court assesses several factors, including the payment of wages by the employer, the employer’s power of control, the employee’s duty to perform the act in question, the time, place and purpose of the act in relation to serving the employer, the relationship between the employee’s act and the employer’s business, the employee’s motivation for performing the act and the employer’s reasonable expectation that the employee would perform the act. Orgeron, supra; Alford, supra.
Summary judgment shall be rendered if the pleadings, depositions, answers to interrogatories and admissions on file, together with any affidavits, show there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966(B). The burden of proof remains with the mover. However, if the mover will not bear the burden of proof at trial on the matter before the court, then the mover is not required to negate every essential element of the adverse party’s claim, action or defense; rather, the mover must point out to the court the absence of factual support for one or more elements essential to |fithe adverse party’s claim or defense. If the adverse party fails to produce factual support to show that he will be able to satisfy his evidentiary burden of proof at trial, then there is no genuine issue of material fact. LSA-C.C.P. art. 966(C). Appellate courts review summary judgments de novo, using the same criteria that govern the trial court’s consideration of whether summary judgment is appropriate. Argonaut Great Central Ins. Co. v. Hammett, 44,308 (La.App.2d Cir.6/3/09), 13 So.3d *591 1209, writ denied, 2009-1491 (La.10/2/09), 18 So.3d 122.
 In the present case, the record contains the deposition testimony of Teresa Moseley, who testified that her job duties as a deli manager at the Brookshire store in Homer included attending out-of-town meetings. Moseley stated that she drove her personal automobile to the work meetings and was paid her hourly rate for the travel time to and from the meeting and paid for mileage based on the distance of that location from the store. Moseley testified that on the morning of the accident, she had left from her father’s house in Shreveport and was driving on the Interstate toward Monroe to attend the business meeting when she collided with plaintiffs. Although Moseley initially stated that she had expected to be paid for her actual travel time that day based on past trips, she later acknowledged she had not previously driven to a work meeting from Shreveport.
Brian Smith, the director of the Brook-shire store where Moseley worked and her supervisor, testified during his deposition that Brookshire did not have a policy requiring that Moseley leave from her home rather than from her father’s house to attend the meeting. Smith stated that 1 fiMoseIey knew she would be paid based upon the Brookshire spreadsheet listing the allowable round trip travel time and mileage from each local store to the Monroe distribution center. For meetings at other locations, Smith explained that he had discretion to pay Moseley additional mileage, such as when she became lost while driving to a meeting in Texarkana. Smith testified that there was no written document requiring him to follow the spreadsheet figures. Smith stated that he would consider Moseley’s presence in Bossier City at the time of the accident to be “outside of her normal travel” to the Monroe meeting.
Terrence Dixon, vice-president for human resources at Brookshire, testified during his deposition that Brookshire’s policy was to pay employees the time and mileage for work-related travel based upon the distance from their assigned store to the meeting place. Dixon stated there was no particular requirement that an employee depart from a specific location to travel to a business meeting. Dixon testified that for the purpose of paying workers for travel time and mileage, Brookshire was not concerned about the employee’s departure point. Dixon stated that Brookshire’s written policy for business travel provided that hourly workers (“partners”) like Moseley would be paid “their current rate of pay for approved travel time.” Dixon acknowledged that Brookshire did not have evidence that Moseley was traveling anywhere other than to Monroe for the business meeting at the time of the accident.
The written travel policy produced by Brookshire is a document titled “Travel Expense,” which provides in pertinent part:
17General Policy
It is our company’s policy to reimburse partners for approved time and expenses incurred while traveling on company-related business.
A. Definitions
1. “Principal Place of Business” — the loeation(s) where a partner regularly goes to fulfill their requisite job duties.
2. “Commuting Mileage” — the mileage accumulated in traveling between the partner’s home and a partner’s principal place(s) of business. A part *592 ner is NOT eligible for reimbursement on commuting mileage.
3. “Business Mileage” — all mileage accumulated in performance of a partner’s requisite job duties that would not be defined as commuting mileage. The following are several common examples of business mileage and are not designed to encompass all items that would qualify as business mileage:
c. Travel between a partner’s home and a location that is hosting a seminar, class, meeting, etc. that relates to and/or enhances that partner’s ability to perform his or her job duties is business mileage-so long as the location is NOT that partner’s principal place of business.
Brookshire argues that Moseley’s act of beginning her travel from her father’s house is similar to the worker’s conduct at issue in Timmons, supra. However, the factual situation in this case can be distinguished from that of Timmons, in which the employee had completed the business errand and then deviated for personal reasons before returning to the workplace. In contrast, Moseley was in the act of driving toward Monroe to attend the business meeting and there is no evidence she had deviated from that route |swhen the accident occurred.
Brookshire asserts that Moseley’s deviation was her departure from Shreveport instead of her own home and that she would not have resumed her business route until she entered a vague “zone of risk” based on Brookshire’s expectation that she would leave from her home in Haughton, as indicated by the written travel policy. Contrary to any such asserted expectation, both Dixon and Smith testified that Brookshire was not concerned with Moseley’s departure point as long as she attended the meeting. In addition, the written travel policy states that the listed examples do not include all types of business travel.
Brookshire showed that unlike previous occasions, Moseley began her work-related travel from her father’s house, which was located farther to the west than her own home. However, the deposition testimony demonstrates that when the accident occurred, Moseley was driving on the Interstate toward Monroe as part of her job duties, that she expected to be compensated for her time and mileage in traveling to the business meeting and that her trip was activated by a purpose to serve her employer.
Based upon our consideration of the evidence presented and the applicable law, we conclude that genuine issues of material fact exist as to whether Moseley’s act of departing from her father’s house rather than her own home constitutes a deviation from her employment mission and whether any such deviation unreasonably increased the risk of injury. Stated another way, the factual inquiry of whether Moseley’s conduct was so closely connected in time, place and causation to her employment duties |flas to constitute a risk of harm attributable to Brookshire’s business remains in dispute between these parties. Consequently, the district court erred in granting Brookshire’s motion for summary judgment and correctly denied Schlumber-ger’s motion for partial summary judgment. Accordingly, we shall reverse the court’s summary judgment in favor of Brookshire and remand this matter for further proceedings.
CONCLUSION
For the foregoing reasons, that part of the district court’s judgment granting Brookshire’s motion for summary judg *593 ment and dismissing plaintiffs’ claims at their costs is reversed; the judgment is otherwise affirmed and this matter is remanded for further proceedings. Costs of this appeal are assessed to the appellee, Brookshire Grocery Company.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED FOR FURTHER PROCEEDINGS.