Judgment rendered September 28, 2022.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 54,487-CW
No. 54,517-CW
(Consolidated Cases)

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

KERRY BUCKLIN                                  Respondent

versus

JAMES STEWART, ET AL                           Applicant

* * * * *

On Application for Writs from the
Twenty-Sixth Judicial District Court for the
Parish of Webster, Louisiana
Trial Court No. 78698

Honorable Allen Parker Self, Jr., Judge

* * * * *

WIENER, WEISS & MADISON, APC              Counsel for 1st
By: Frank H. Spruiell, Jr.                Applicant,
    Reid A. Jones                         Progressive Security
                                          Insurance Company


KITCHENS LAW FIRM                         Counsel for 2nd
By: Graydon Kelly Kitchens, III           Applicant,
    Special Assistant Attorney General    State of Louisiana,
                                          Department of Wildlife
                                          and Fisheries

THE SMITH LAW OFFICE, LLC                      Counsel for Respondent,
By:  Eskridge E. Smith, Jr.                    Kerry Bucklin
     Linda L. Smith

WILLIAM RICK WARREN, APLC
By: William R. "Rick" Warren


SEABAUGH & SEPULVADO, LLC                      Counsel for Respondent,
By:  Alan T. Seabaugh                          Louisiana Farm Bureau
     Michael C. Melerine                       Mutual Insurance
                                               Company


PETTIETTE, ARMAND, DUNKELMAN                   Counsel for Respondent,
WOODLEY, BYRD & CROMWELL, LLP                  James Stewart
By:  Stephan M. Cooper
     Chelsey T. Colontonio

* * * * *


Before MOORE, STONE, and MARCOTTE, JJ.

**STONE, J.**

## FACTS AND PROCEDURAL HISTORY

This consolidated writ application arises from a personal injury action in the Twenty-Sixth Judicial District Court, the Honorable Allen Parker Self, Jr., presiding. Kerry Bucklin (the "plaintiff") suffered bodily injuries as a result of an incident wherein he had climbed a tree while assisting in removing it from the yard of the defendant, James Stewart ("Stewart"), and Stewart pulled down the tree with his work truck while the plaintiff was still in the tree.[1] The plaintiff sued: (1) Stewart; (2) Stewart's homeowner's liability insurer, Louisiana Farm Bureau Insurance Company; (3) Stewart's employer, the Louisiana Department of Wildlife and Fisheries ("LDWF"); and (4) Stewart's automobile liability insurer, Progressive Insurance Company ("Progressive"). Progressive and LDWF filed motions for summary judgment, and the trial court denied both. These defendants sought supervisory review, and we granted writs to docket and consolidated them for resolution.

## DISCUSSION

For the reasons stated herein, we reverse the trial court's judgment.

This section of the opinion is organized as follows: (1) discussion of the general law of motions for summary judgment; (2) facts, law, and

---

[1] Stewart hired Mark Patrick ("Patrick") to cut down a large tree near Stewart's house. Patrick hired the plaintiff to assist in the operation. Stewart and Patrick became concerned about the possibility of the tree falling in the direction of Stewart's house. Stewart and Patrick tied one end of a rope to the branches of the tree and the other end to the LDWF truck. Stewart put the truck in gear to move the tree away from his house, but after two failed attempts to topple the tree, Patrick instructed the plaintiff to climb the tree and cut limbs off the tree. Stewart then pulled the tree to the ground with plaintiff still in it.

analysis particular to Progressive's appeal; and (3) facts, law, and analysis particular to the state's appeal.

**Motion for summary judgment**

After an opportunity for adequate discovery, a motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(A)(3). The only documents that may be filed in support of or in opposition to the motion are pleadings, memoranda, affidavits, depositions, answers to interrogatories, certified medical records, written stipulations, and admissions. La. C.C.P. art. 966(A)(4). Furthermore, the court may consider only those documents filed in support of or in opposition to the motion for summary judgment and shall consider any documents to which no objection is made. La. C.C.P. art. 966(D)(2).

An appellate court reviews a trial court's granting of summary judgment *de novo* under the same criteria that govern the trial court's decision on the motion. *McDonald v. PNK (Bossier City), LLC*, 53,561 (La. App. 2 Cir. 9/23/20), 304 So. 3d 143, *writ denied*, 20-01416 (La. 2/9/21), 310 So. 3d 179.

**Progressive's appeal**

In its assignments of error, Progressive asserts that its motion for summary judgment should have been granted because: (1) there is an applicable exclusion which precludes coverage; and (2) the other insurance clause does not extend coverage to the plaintiff's claim. Thus, both of Progressive's assignments of error require this court to interpret the insurance

2

policy.[2]  Below, we interpret and apply the two relevant policy provisions

separately.

*The "regular use exclusion" – relevant policy provisions; analysis.*

The declaration*s* page (Progressive's exhibit B) lists vehicles covered by the

policy.  The LDWF truck is not on that list.  The declarations page does,

however, reflect that Stewart is a named insured.

Progressive's "regular use" exclusion states, in pertinent part, that

there is no coverage for:

> bodily injury arising out of the…use of any
> vehicle…*furnished or available for your regular use*, other
> than a *covered auto* for which this coverage has been
> purchased, a rental auto or a *temporary substitute auto*.
> (Emphasis added).

In relevant part, the policy defines "covered auto" as:

> a.  any auto or trailer shown on the declarations page for
>     the coverages applicable to that auto…
> b.  any additional auto;
> c.  any replacement auto…

A motor vehicle cannot qualify as an "additional auto" unless, among other

things, it is owned by insured.  A "replacement auto" is an auto that

permanently replaces an auto shown on the declarations page.

The policy defines "temporary substitute auto" as:

---

[2] An insurance policy is a contract between the insured and the insurer and has the effect of law between them. *Gorman v. City of Opelousas*, 13-1734 (La. 7/1/14), 148 So. 3d 888. The role of the judiciary in interpreting an insurance contract is to ascertain the common intent of the insured and insurer as reflected by the words in the policy. *Id.* An insurance policy should be construed using the general rules of interpretation of contracts set forth in the Louisiana Civil Code. *Green ex rel. Peterson v. Johnson*, 14-0292 (La. 10/15/14), 149 So. 3d 766. The interpretation of an insurance contract is usually a legal question that can be properly resolved by means of a motion for summary judgment. *Id.*; *Bernard v. Ellis*, 11-2377 (La. 7/2/12), 111 So. 3d 995; *Lewis v. GEICO Casualty Co.*, 51,864 (La. App. 2 Cir. 4/27/18), 246 So. 3d 815, *writ denied*, 18-1024 (La. 10/8/18), 253 So. 3d 796.  However, summary judgment declaring a lack of coverage under an insurance policy may not be rendered unless there is no reasonable interpretation of the policy, when applied to the undisputed material facts shown by the evidence supporting the motion, under which coverage could be afforded. *Elliott v. Continental Cas. Co.*, 06-1505 (La. 2/22/07), 949 So. 2d 1247.

> [A]n auto, not owned or leased by you, which replaces a covered auto for 30 days or less. It must be with the consent of the owner. The covered auto that is being replaced has to be temporarily out of use due to its breakdown, repair, servicing, damage or less.

The LDWF truck is furnished to Stewart for his regular use. There is no dispute that Stewart is employed by LDWF and drives the LDWF truck to and from work four days per week. Thus, the regular use exclusion is applicable unless the LDWF truck qualifies as a covered auto, a rental auto, or a temporary substitute auto. As explained below, it does not so qualify.

The LDWF truck does not qualify as a covered auto because it is neither listed in the declarations nor is it: (1) an additional auto, which includes only certain vehicles *owned by the insured*; nor (2) a replacement auto, which includes only a vehicle that permanently replaces an auto listed in the declaration. Furthermore, it is not a *rental auto* because the vehicle was not rented.

The LDWF truck does not qualify as temporary substitute auto because of the unsatisfied requirement that one of the covered vehicles had to be temporarily out of use due to breakdown, repair, servicing, damage, or loss. Neither of the Stewarts' vehicles was temporarily out of use for any of the reasons listed in the policy.

*The "other insurance" clause; related authority; analysis.*

Progressive's "other insurance" provision states:

> If there is any other applicable liability insurance or bond, we will only pay our share of the damages. Our share is the proportion that our limit of liability bears to the total of all applicable limits. However, any insurance we provide for a vehicle or trailer, other than a covered auto, a rental auto, or a temporary substitute auto, will be excess over any other collectible insurance, self-insurance, or bond.

4

Liability policies commonly contain "other insurance" clauses which seek to establish how the liability will be shared in the event that there is other valid and collectible insurance applicable to the same insured. William S. McKenzie & H. Alston Johnson III, *Insurance Law & Practice* (15 La. Civ. L. Treatise), § 7:19 (4th ed., 2012). Other insurance clauses are applicable only where multiple policies cover the liability of the same insured. *Id.*

The trial court committed legal error when it ruled that the "other insurance" provision in the Progressive policy potentially creates coverage. The "other insurance" provision does not create or add coverage, and is inapplicable to this case. Coverage must (otherwise) exist under the Progressive policy before the "other insurance" clause can apply.

The trial court erred in denying Progressive's motion for summary judgment.

**The state's appeal**

The state, in its assignments of error, argues that its motion for summary judgment should have been granted because the plaintiff cannot establish: (1) that Stewart was in the course and scope of his employment at the time of the accident; or (2) independent negligence on the part of LDWF (i.e., negligent hiring, training, supervision, or negligent entrustment). In support, the LDWF submitted Stewart's deposition testimony. Stewart testified that he is a technician for LDWF, is paid by the hour, and works 40 hours a week, specifically Monday through Thursday. He further testified that it is an unspoken rule that the LDWF work truck is not for personal use. Stewart stated that the accident occurred on a Saturday, his off day.

5

*Vicarious liability.* An employer is answerable for the damage caused by its employee in the exercise of the functions in which the worker is employed. La. C.C. art. 2320. Thus, an employer's vicarious liability for tortious conduct of its employee extends only to the employee's tortious conduct that occurs within the *course and scope* of that employment. *Orgeron v. McDonald,* 93-1353 (La. 7/5/94), 639 So. 2d 244; *Woolard v. Atkinson,* 43, 322 (La. App. 2 Cir. 7/16/08), 988 So. 2d 836. The course of employment refers to time and place; scope refers to the employment-related risk of injury. *Benoit v. Capitol Mfg. Co.*, 617 So. 2d 477 (La. 1993); *Black vs. Johnson*, 48, 779 (La. App. 2 Cir. 4/9/14), 137 So. 3d 170, *writ denied,* 14-0993 (La. 9/12/14), 148 So. 3d 574.

An employee's conduct is within the course and scope of employment if it is so closely connected in time, place, and causation to the employment duties of the employee that it constitutes a risk of harm fairly attributable to the employer's business. *Woolard, supra*; *Black, supra.* The following non-exclusive list of factors should be considered in determining the course and scope of employment: (1) the payment of wages by the employer; (2) the employer's power of control; (3) the employee's duty to perform the particular act in question; (4) the time, place, and purpose of the act in relation to service of the employer; (5) the relationship between the employee's act and the employer's business; (6) the benefits received by the employer from the act; (7) the employee's motivation for performing the act; and (8) the reasonable expectation of the employer that the employee would perform the act. *Orgeron, supra*; *Ragland v. Hodge,* 32, 433 (La. App. 2 Cir. 12/8/99), 748 So.2d 567; *Winzer v. Richards,* 50,330 (La. App. 2 Cir. 1/13/16), 185 So. 3d 876*; Black, supra.*

6

In *Aycock v. Jenkins Tile Co.*, 96-2348 (La. App. 1 Cir. 11/7/97), 703 So. 2d 117, *writ denied*, 97-3056 (La. 2/13/98), 709 So. 2d 753, the court of appeal determined that an employer was not vicariously liable for an accident which occurred on a Saturday, when the employee was driving a company-owned truck without permission on a purely personal errand while intoxicated. The employee had taken the truck home at the employer's request so that the truck would not have to be parked outside a locked gate over weekend. The court found that the employee was not working or doing anything to further the employer's interests, and there was no basis for imposing liability on the employer.

In this case, Stewart was not within the course and scope of his employment when the accident occurred. He worked only Monday through Thursday, and was paid hourly. The accident occurred on a Saturday—a day when Stewart was not working. The tree removal at Stewart's house was not related to his employment duties to LDWF. Stewart was not on an emergency errand or duty for the state when the accident occurred, and he was not paid by the state for anything done at his personal residence on that day. At the time of the accident, LDWF was not exercising any control over Stewart's activities. Stewart's use of the LDWF work truck for the tree removal was purely personal use. LDWF did not derive or receive any benefit from removal of a tree at Stewart's home. Stewart did not have permission to use his LDWF vehicle as an anchor point for tree cutting. The act of alleged negligence giving rise to plaintiff's claim did not occur at Stewart's worksite. Accordingly, there is no vicarious liability.

*Negligent hiring, training, supervision, or entrustment.* Plaintiff argues that the state is liable even without vicarious liability because it

was negligent in hiring, supervising, training, or entrusting Stewart with the truck. This argument also fails. It is quite obvious that one should not try to pull down a tree while a person is in that tree because there is a high likelihood of serious injury. Therefore, no reasonable factfinder could conclude that the LDWF breached any duty of care in hiring Stewart and giving him a work truck without instructing him to refrain from using it to pull down a tree with a person in it. Similarly, no reasonable factfinder could conclude that the absence of such an instruction *caused* the accident.

Based upon our *de novo* review, there is no genuine issue of material fact and that the movers are entitled to judgment as a matter of law.

## CONCLUSION

For the reasons set forth above, the writs are **GRANTED** and made peremptory, the trial court's denial of the defendants' motion for summary judgment is **REVERSED**, and those motions are hereby **GRANTED**. The plaintiff's claims against Progressive and LDWF are dismissed with prejudice. All costs of this appeal are assessed to the plaintiff, Kerry Bucklin.

**WRITS GRANTED AND MADE PEREMPTORY, MOTIONS FOR SUMMARY JUDGMENT IS REVERSED AND GRANTED AND ALL CLAIMS DISMISSED WITH PREJUDICE.**