# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 14-671

**JULIA B. VOINCHE, ET AL.**

**VERSUS**

**JOSEPH BEAUD CAPPS, ET AL.**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
TWELFTH JUDICIAL DISTRICT COURT
PARISH OF AVOYELLES, NO. 2012-7965 – DIVISION B
HONORABLE WILLIAM J. BENNETT, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## MARC T. AMY
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Marc T. Amy, Elizabeth A. Pickett, and Billy Howard Ezell, Judges.

## REVERSED, RENDERED, AND REMANDED FOR FURTHER PROCEEDINGS.

**David M. Ellison, Jr.**
**Ellison & Ellison**
**336 Louisiana Avenue**
**Baton Rouge, LA 70802**
**(225) 387-5119**
**COUNSEL FOR DEFENDANTS/APPELLANTS:**
    **Beaud & Fontaine, L.L.C.**
    **Beaud & Capps, L.L.C.**
    **Beaud Farms, L.L.C.**
    **Beaud Farms, A Partnership**
    **Charles Beaud, L.L.C.**

Stacey Moak
Jonathan D. Mayeux
Christopher W. Stidham
James C. Underhill
Stacy Moak & Associates
Post Office Box 77651
Baton Rouge, LA   70879-7651
(225) 751-6300
COUNSEL FOR DEFENDANT/APPELLANT:
    Charles Beaud, Individually

Andrew L. Plauché, Jr.
James K. Ordeneaux
Attie Babin Carville
Plauché, Maselli, Parkerson, LLP
701 Poydras Street, Suite 3800
New Orleans, LA   70139
(504) 582-1142
COUNSEL FOR DEFENDANT/APPELLANT:
    Louisiana Farm Bureau Casualty Company

Rodney M. Rabalais
Post Office Box 447
Marksville, LA   71351
(318) 253-4622
COUNSEL FOR PLAINTIFFS/APPELLEES:
    Celeste Voinche Gauthier
    Samantha K. Voinche
    Julia B. Voinche
    Christopher G. Voinche

Kenny L. Oliver
David Oliver Way
Oliver & Way
Post Office Box 82447
Lafayette, LA   70598-2447
(337) 988-3500
COUNSEL FOR DEFENDANTS/APPELLEES:
    Joseph Beaud Capps
    Permanent General Assurance Company

W. Ransom Pipes
Hannah, Colvin, & Pipes, L.L.P.
10626 Timberlake Drive
Baton Rouge, LA   70810
(225) 766-8240
COUNSEL FOR DEFENDANT/APPELLEE:
    Travelers Property Casualty Company of America

**Donald R. Klotz, Jr.**
**Casler Bordelon & Lawler**
**2450 Severn Avenue, Suite 200**
**Metairie, LA   70001**
**(504) 434-3101**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
     **Joseph Beaud Capps**
     **Progressive Security Insurance Co.**

**Seth Andrew Schmeeckle**
**Daniel Bernard Centner**
**Lugenbuhl, Wheaton, Peck, Rankin & Hubbard**
**601 Poydras Street, Suite 2775**
**New Orleans, LA   70130**
**(504) 568-1990**
**COUNSEL FOR DEFENDANT/APPELLEE:**
     **Travelers Property Casualty Company of America**

**AMY, Judge.**

After Nickie Voinche[1] died as a result of a motor vehicle accident allegedly caused by Joseph Beaud Capps, Mr. Voinche's heirs brought this wrongful death and survival action. The instant issue concerns a motion for summary judgment filed by Mr. Capps and his insurer, seeking a determination that he was in the course and scope of his employment at the time of the accident. Charles Beaud, one of Mr. Capps' purported employers, filed a cross motion for summary judgment seeking a determination that he was not Mr. Capps' employer and to be dismissed from the case. The trial court granted Mr. Capps' motion for summary judgment and denied Mr. Beaud's motion for summary judgment. Mr. Beaud, his insurer, and Beaud Farms now appeal. For the following reasons, we reverse, render judgment, and remand for further proceedings.

## Factual and Procedural Background

According to the allegations in the record, at approximately six o'clock a.m. on a Saturday morning in September 2011, Joseph Beaud Capps and Brian Major were driving northbound and Nickie Voinche was driving southbound on Louisiana Highway 1 in Pointe Coupee Parish. Mr. Capps was driving a vehicle he had borrowed from a friend, Joseph Garrett. Mr. Voinche was driving a truck owned by his employer, Gilchrist Construction Co., LLC. Mr. Major's vehicle was in front of Mr. Capps' vehicle, and, when Mr. Major slowed down to make a right-hand turn, Mr. Capps struck Mr. Major's vehicle on the driver's side rear corner, went to the center line, and struck Mr. Voinche's vehicle head-on. Mr. Voinche was killed as a result of the accident.

---

[1] Mr. Voinche's name is also spelled as "Nicky" in the record. We use the spelling in the petition.

The plaintiffs, Julia Voinche, Christopher Voinche, Celeste Voinche Gauthier, and Samantha Voinche, are Mr. Voinche's wife and children. They filed the pending wrongful death and survival action against Mr. Capps, Progressive Security Insurance Company, Permanent General Insurance Company, Louisiana Farm Bureau Insurance Company, Charles Beaud d/b/a Beaud Farms, Beaud Farms (a partnership comprised of Charles Beaud, LLC, Beaud & Capps, LLC, and Beaud & Fontaine, LLC), and Travelers Property Casualty Company of America. Mr. Capps and Progressive subsequently filed a motion for summary judgment, alleging that there was no genuine issue of material fact and that they were entitled to judgment as a matter of law with regard to the issue of whether Mr. Capps was in the course and scope of his employment at the time of the accident. Mr. Beaud filed a cross-motion for summary judgment, seeking a determination that he was not Mr. Capps' employer.

After a hearing, the trial court granted Mr. Capps' and Progressive's motion for summary judgment and denied Mr. Beaud's cross-motion for summary judgment.

Mr. Beaud and the Beaud Farms partnership appeal, asserting as error that:

1. The trial court committed legal error when it granted Joseph Beaud Capps' and Progressive Security Insurance Company's motion for partial summary judgment since disputed issues of material fact exist as to whether Joseph Beaud Capps was in the course and scope of his employment with Beaud Farms and/or Charles Beaud, individually[,] at the time of the September 17, 2011 accident.

2. The trial court and this Court committed legal error when the trial court denied that part of Charles Beaud's cross-motion for summary judgment relating to whether Joseph Beaud Capps was in the course and scope of his employment with Charles Beaud, individually, and also when this Court denied Charles Beaud's supervisory writ application on February 21, 2014, since no genuine issue of material fact exist[s] as to whether Joseph Beaud Capps was in the course and scope of employment with Charles Beaud, *individually*[,] at the time of the September 17, 2011 accident.

3. The trial court and this Court committed legal error when the trial court denied the entirety of Charles Beaud's cross-motion for summary judgment relating to whether Joseph Beaud Capps was in the course and scope of any employment with Beaud Farms and/or Charles Beaud, individually, and also when this Court denied Charles Beaud's supervisory writ application on February 21, 2014, since Joseph Beaud Capps' testimony concerning his alleged stop at the shop prior to the accident and his alleged call to Arturo Navarro about work prior to the accident amounts to nothing more than a mere denial and not substantiated by any other evidence in the record.

Additionally, Louisiana Farm Bureau, Mr. Beaud's insurer, appeals, asserting as error that:

1. The Trial Judge erred in granting the Motion for Summary Judgment of Joseph Beaud Capps and Progressive Security Insurance Company (and thereby finding that Joseph Beaud Capps was within the course and scope of his employment with Beaud Farms when the accident occurred) by impermissibly weighing voluminous competing evidence. Where there are genuine material issues of fact as to whether or not an alleged tortfeasor was in the course and scope of his employment, summary judgments are improper. (Citation Omitted.)

2. The Trial Judge improperly ignored precise and uncontradicted evidence from both sides which supported the Cross Motion for Summary Judgment based upon Joseph Beaud Capps never being employed by Charles Beaud, individually, and thereby never in the course and scope of employment of Charles Beaud, individually. The Charles Beaud Motion for Summary Judgment should have been granted because Charles Beaud and Joseph Beaud Capps agreed that Joseph Beaud Capps was not an employee of Charles Beaud individually. (Citation Omitted.)

**Discussion**

*Summary Judgment*

Summary judgment is designed to secure the just, speedy and inexpensive determination of actions and is now favored in our law. La.Code Civ.P. art. 966(A)(2). The appellate courts review summary judgments de novo, using the same criteria which the trial court uses to determine if summary judgment is appropriate. *Richard v. Hall*, 03-1488 (La. 4/23/04), 874 So.2d 131. A party is entitled to summary judgment if "the pleadings, depositions, answers to

3

interrogatories, and admissions, together with the affidavits, if any, admitted for purposes of the motion for summary judgment, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." La.Code Civ.P. art. 966(B)(2). "Facts are material if they determine the outcome of the legal dispute." *Baggett v. Brumfield*, 99-1484, p. 6 (La.App. 3 Cir. 3/1/00), 758 So.2d 332, 336, *writ denied*, 00-927 (La. 5/12/00), 761 So.2d 1292.

The burden of proof remains with the moving party, although, if the moving party will not bear the burden of proof at trial, "its burden on the motion does not require it to negate all essential elements of the adverse party's action, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim." *Richard*, 874 So.2d at 137. Thereafter, the adverse party must provide sufficient factual support to show that they will be able to satisfy their evidentiary burden of proof at trial; otherwise, there is no genuine issue of material fact. *Id.* (citing La.Code Civ.P. art. 966(C)(2)). Additionally, pursuant to La.Code Civ.P. art. 967(B):

> When a motion for summary judgment is made and supported as provided above, an adverse party may not rest on the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided above, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be rendered against him.

*Course and Scope of Employment*

Mr. Capps' motion for summary judgment addresses whether or not he was within the course and scope of his employment at the time of the accident. Pursuant to La.Civ.Code art. 2320, an employer is "answerable for the damage occasioned by [its] servants . . . in the exercise of the functions in which they are employed." More specifically, an employer will be liable for its employee's torts

4

if the employee was acting within the course and scope of his employment. *Timmons v. Silman*, 99-3264 (La. 5/16/00), 761 So.2d 507.

In *Richard*, 874 So.2d at 137-38, the supreme court reiterated the basic principles concerning whether an employee's conduct was within the course and scope of his employment, stating:

> In determining whether a particular accident may be associated with the employer's business enterprise, the court must essentially decide whether the particular accident is a part of the more or less inevitable toll of a lawful enterprise. *Ermert* [*v. Hartford Ins. Co.*, 559 So.2d 467, 476 (La.1990)], *citing* 5 F. Harper, F. James & O. Gray, *The Law of Torts*, § 26.7, at 28 (2d ed.1986). When considering which risks the employer must bear under vicarious liability, the proper test bears resemblance to that which limits liability for workers' compensation, because the employer should be held to anticipate and allow for risks to the public that "arise out of and in the course of" his employment of labor [sic]. *Ermert*, 559 So.2d at 476, *citations omitted*. While the course of employment test refers to time and place, the scope of employment test examines the employment-related risk of injury. *Russell v. Noullet*, 98-0816, p. 4 (La.12/1/98), 721 So.2d 868, 871(reh'g denied 1/15/99). The inquiry requires the trier of fact to determine whether the employee's tortious conduct was so closely connected in time, place and causation to his employment-duties as to be regarded a risk of harm fairly attributable to the employer's business, as compared to conduct motivated by purely personal considerations entirely extraneous to the employer's interests. *Id*.

Phrased another way, an employee's conduct is considered to be within the course and scope of his employment if it is "of the kind that he is employed to perform, occurs substantially within the authorized limits of time and space, and is activated at least in part by a purpose to serve the employer." *Orgeron v. McDonald*, 93-1353, p. 4 (La. 7/5/94), 639 So.2d 224, 226-27. An employer is generally not liable for acts committed by its employee while the employee is going to or coming from work. *Id.  See also Hargrave v. Delaughter*, 08-1168 (La.App. 3 Cir. 3/4/09), 10 So.3d 245. However, application of this rule becomes more complicated in cases where the employee is dispatched to different work

locations, especially when the employee is not required to "check-in" at a central location before being dispatched to the work site for the day. *Orgeron*, 639 So.2d 224.

In making that determination, the court should consider factors including: 1) the employer's payment of wages to the employee; 2) the employer's power of control; 3) the employee's duty to perform the particular act; 4) the time, place, and purpose of the act in relation to service of the employer; 5) the relationship between the act and the employer's business; 6) what benefits the employer received from the employee's act; 7) the employee's motivation in performing the act; and 8) the employer's reasonable expectation that the employee would perform the act. *Orgeron*, 639 So.2d 224. Accidents have been found to be within the course and scope of employment when the employer provides transportation used by the employee to go to and from work, pays wages or expenses for the time spent traveling in the vehicle, or the operation of the vehicle was incidental to the performance of some employment responsibility. *Woolard v. Atkinson*, 43,322 (La.App. 2 Cir. 7/16/08), 988 So.2d 836 (citing *Vaughan v. Hair*, 94-86 (La.App. 3 Cir. 10/5/94), 645 So.2d 1177, *writ denied*, 95-123 (La. 3/10/95), 650 So.2d 1186). The third exception has usually been found to be applicable when the employer retains some control over the employee when the employee is in his personal vehicle. *Baggett*, 758 So.2d 332.

Our review of the record reveals that the determination of whether Mr. Capps was within the course and scope of his employment is rife with genuine issues of material fact and, accordingly, summary judgment is inappropriate with regard to this matter. The uncontested facts in the record indicate that, although their operations are spread out over multiple tracts in three separate parishes,

6

Beaud Farms[2] maintains a farm shop at Sugarland Plantation in Pointe Coupee Parish. Beaud Farms provides housing at that location to several of its employees, including Mr. Capps. On the date of the accident, operations were to be conducted at Belleview Farm in Lettsworth. Mr. Capps had not spent the night at the housing provided by Beaud Farms, but instead spent the night in New Roads. The record indicates that Mr. Capps was expected to begin work at 5:30 a.m. Although the record does not establish exactly what time Mr. Capps left New Roads, it indicates that, approximately between 5:00 a.m. and 5:30 a.m., Mr. Capps left New Roads to travel to work. The accident occurred shortly after 6:00 a.m.

However, there is conflicting evidence concerning both Mr. Capps' actions between the time he left New Roads and the accident and whether Beaud Farms took an interest in Mr. Capps' transportion. With regard to Mr. Capps' actions between the time he left New Roads and the accident, Mr. Capps contends that he stopped at Sugarland and picked up a box of cutter blades and filled his personal water cooler before continuing on his way to Belleview. However, one of Beaud Farms' other employees, Arturo Navarro, testified in his deposition that he was at Sugarland that morning and that he left the shop at approximately 5:15 a.m. to go to Belleview. Mr. Navarro testified that he did not see Mr. Capps at the shop before he left. According to Mr. Navarro, there was no reason for Mr. Capps to stop and pick up the cutter blades because Mr. Navarro's truck contained everything needed to maintain the cutters. Further, Mr. Navarro testified that he performed maintenance on the cutters every evening and that Mr. Capps had not

---

[2] We note that Mr. Beaud's cross-motion for summary judgment addresses whether Mr. Capps was an employee of Mr. Beaud, individually, or Beaud Farms, a partnership. For convenience, in addressing whether the trial court erred in granting the motion for summary judgment with regard to whether Mr. Capps was within the course and scope of his employment, we refer to his employer as "Beaud Farms" without addressing whether that employment was with Mr. Beaud, individually, or the Beaud Farms partnership.

informed him that the cutter needed new blades. In addition to this testimony, there was deposition testimony that shortly after the accident Mr. Capps said that he was going "straight" to Belleview and that he did not say that he stopped anywhere on the way there. Further, the third driver involved in the accident, Mr. Major, testified that he did not recall seeing a water cooler in the back of Mr. Capps' truck after the accident, and Mr. Beaud testified that there were no cutter blades in the truck.

Another dispute concerns whether a phone call made by Mr. Capps to Mr. Navarro at approximately 5:50 a.m., i.e., some few minutes before the accident, was for personal or business purposes. It is undisputed that Mr. Capps was an hourly employee and that, as a supervisor, he conducted business for Beaud Farms on his cell phone. According to Mr. Beaud, Mr. Capps' time would start "whenever he started working for me." Mr. Capps testified in his deposition that he called Mr. Navarro to determine whether the other employees had all of the equipment they needed, including coolers and that his timekeeping would have started when he called Mr. Navarro. However, Mr. Navarro testified that Mr. Capps only called to instruct Mr. Navarro to find an oil cap for Mr. Capps' personal vehicle.

The record indicates that Beaud Farms' laborers started getting paid for their time when they left the shop at Sugarland. Thus, whether Mr. Capps stopped at Sugarland is material to the determination of whether he was in the course and scope of his employment at the time of the accident. Further, whether Beaud Farms took an interest in providing repairs for Mr. Capps' personal vehicle is in dispute. Thus, whether the content of Mr. Capps' phone call was of a business or

8

personal nature is material to whether his commute transitioned to one in the course and scope of his employment at that point.

It is not the function of a trial court to weigh conflicting evidence in deciding a motion for summary judgment. *Edwards v. Larose Scrap & Salvage, Inc.*, 10-596 (La.App. 3 Cir. 12/8/10), 52 So.3d 1009. Given the conflicts in the evidence about whether Mr. Capps stopped at Sugarland before continuing to Belleview and whether his phone call to Mr. Navarro was of a business or personal nature, we find that there is a genuine issue of material fact with regard to these determinations.

We must also consider whether Beaud Farms took an interest in Mr. Capps' transportation such that he would be in the course and scope of his employment at the time of the accident. It is undisputed that Beaud Farms previously provided Mr. Capps with a company truck. However, Mr. Capps was involved in another car accident that destroyed the company truck approximately two weeks before the accident at issue herein. According to Mr. Beaud, he refused to provide Mr. Capps with another company truck, and he told Mr. Capps that he was not allowed to drive any vehicle owned by Beaud Farms and that he needed to obtain rides from other Beaud Farms employees. Mr. Beaud also testified that he was aware that Mr. Capps was using a truck that he borrowed from Mr. Garrett, but that Mr. Capps was not supposed to put gas in the truck from the farm tank and that he "wanted no part of that truck."

Mr. Capps contends that Beaud Farms provided him with gas and repairs for the borrowed truck. He testified in his deposition that he got gas from the farm tank and that he charged the Beaud Farms account for repairs for the borrowed truck's lug nuts. However, he conceded that he did not ask Mr. Beaud for

9

permission to charge the repairs. Further, although Mr. Capps contends that Beaud Farms paid him for his transportation time and that he was "on call" at all times, he testified in his deposition that his timekeeping would have started when he called Mr. Navarro. Additionally, Amy Beaud testified in her deposition that the laborers' timekeeping started when they left Sugarland to go to Belleview.

Given this evidence, we find that there are genuine issues of material fact with regard to whether Mr. Capps was commuting to work in his personal vehicle, without being paid for that time or compensated for any expenses for the vehicle, or whether Beaud Farms took an interest in Mr. Capps' transportation sufficient to find that his commute was within the course and scope of his employment.

Thus, having found that genuine issues of material fact remain with regard to whether Mr. Capps was within the course and scope of his employment, we find that the trial court erred in granting Mr. Capps and Progressive's motion for summary judgment.

*Employment by Mr. Beaud or Beaud Farms*

Mr. Beaud, Farm Bureau, and the Beaud Farms partnership contend that the trial court erred in denying his motion for summary judgment with regard to whether Mr. Capps was employed by Mr. Beaud, individually, as opposed to the Beaud Farms partnership. Mr. Beaud requests that he be dismissed from the case.

Having reviewed the record, we observe that the sole testimony in the record concerning this issue is Mr. Beaud's deposition testimony. That testimony was that Mr. Beaud did not farm under any other name than "Beaud Farms" which was a partnership comprised of three limited liability companies, Charles Beaud, LLC, Beaud & Capps, LLC, and Beaud & Fontaine, LLC. Mr. Beaud also testified that Mr. Capps was paid from the Beaud Farms account and that Beaud Farms

10

contracted for the houses where the laborers stayed. The opposing parties presented no evidence indicating that Mr. Capps was employed by Mr. Beaud personally, and we note that the plaintiffs concede in their brief that "Mr. Capps was working for Beaud Farms[.]"

Pursuant to La.Code Civ.P. art. 966(C)(2), the burden of proof with regard to this issue initially lay with Mr. Beaud, the moving party. However, he has successfully pointed out an absence of factual support for this issue, and the nonmoving parties have failed to provide sufficient factual support to show that they will be able to satisfy their evidentiary burden of proof at trial. Accordingly, there is no genuine issue of material fact with regard to this issue. *Richard*, 874 So.2d 131.

Accordingly, the trial court erred in denying Mr. Beaud's motion for summary judgment with regard to whether Mr. Beaud, individually, was Mr. Capps' employer. Thus, we enter judgment on this sole issue below. However, we observe that, subsequent to Mr. Beaud's cross-motion for summary judgment seeking dismissal from this matter, the plaintiffs filed a supplemental and amending petition asserting claims against Mr. Beaud in his individual capacity for negligent entrustment, negligent hiring, and negligent supervision. Therefore, although we find that Mr. Beaud is entitled to summary judgment on the sole issue of whether Mr. Beaud, individually, is Mr. Capps' employer, because the record before us indicates that these new claims are still pending, we find that it is inappropriate to dismiss Mr. Beaud from this litigation at this time and deny his request for dismissal.

**DECREE**

For the foregoing reasons, the trial court's judgment granting the motion for summary judgment filed by Joseph Beaud Capps and Progressive Security Insurance Company is reversed and remanded for further proceedings. The trial court's judgment denying the cross-motion for summary judgment filed by Charles Beaud is reversed. Finding that there is no genuine issue of material fact with regard to Charles Beaud, individually, not being the employer of Joseph Beaud Capps, and that Mr. Beaud is entitled to judgment as a matter of law, we render judgment granting Mr. Beaud's cross-motion for summary judgment as to this sole issue. Costs of this appeal are assessed to the appellees, Joseph Beaud Capps and Progressive Security Insurance Company.

**REVERSED, RENDERED, AND REMANDED FOR FURTHER PROCEEDINGS.**