GARRETT, J. '
hThe plaintiff, Ricky Winzer, appeals from a trial court ruling granting summary judgment in favor of the employer of James S. Richards, the defendant driver who rear-ended the vehicle in which the plaintiff was a passenger, and the employer’s liability and-umbrella insurers. We affirm the trial court judgment.
FACTS.
On December 20, 2009, the plaintiff was a front seat passenger in a van traveling east on 1-20 in Bienville Parish. Richards was also eastbound on the same road in his 2005 Dodge 6000 truck when he rear-ended the van. As a result of the collision, the van left the road, sliding down the steep embankment of a drainage ditch and hitting a concrete drainage channel at the bottom. The driver of the van. was killed. The plaintiff survived, but suffered catastrophic injuries which rendered him a quadriplegic.
On December 16, 2010, the plaintiff filed .suit against Richards and his auto insurer, State Farm Mutual Automobile Insurance Company. On October 8, 2011, the plaintiff filed an amended petition, adding Richards’ employer, Certified Constructors’ Services, Inc, (“CCSI”), and its liability insurer, Hanover Insurance Company (“Hanover”), as defendants. He alleged that, at the time of the accident, Richards was traveling from a CCSI job site in Texas to his home in Florida, and that CCSI paid him a per diem- ■ and' travel expenses to and from these two sites.[1] He further asserted that ^Richards was in the course and scope of his employment at the time of the accident, thus making CCSI vicariously liable for Richards’: negligence. In its answer, - CCSI denied that it was vicariously hable for Richards’ actions, as he had been terminated from his employment prior to leaving the job site. A second amended petition, which was filed on March 11, 2013, added Great American Insurance" Company (“GAfC”) as a defendant, alleging that it was CCSI’s umbrella/excess insurer.
On November 14, 2014, CCSI and GAIC filed a motion for summary judgment. They alleged that Richards was not acting within the course and scope of his employment with CCSI at the time of *879 the accident, thus justifying dismissal with prejudice of the claims against them. In support of their motion, they submitted an affidavit and deposition testimony excerpts from Tommy Henderson, CCSI’s senior vice-president. He testified that Richards received a $100 per diem, a $250 “sign on” or hire bonus, and a $250 “completion” bonus; that none of these funds were reimbursement for travel expenses; and that Richards was terminated on December 19, 2009, as part of a reduction of CCSI’s workforce near the completion of the Borger project. Also submitted were payroll documents showing that Richards’ last day of work was December 19, 2009; excerpts from Richards’ deposition, in which he admitted that he was not working for CCSI at the -time of the accident;[2] the accident report; and an excerpt from the deposition of Donald |s“Butch” Squier, a former CCSI human resource manager, in which he admitted misstating in an interrogatory answer that the completion bonus covered travel expenses. Hanover filed its own motion for summary judgment, in which it adopted and incorporated by reference the motion filed by CCSI and GAIC.
In opposition to the motions, the plaintiff offered various documents and the depositions of several individuals. Among these were excerpts from the deposition of Richards, who was unable to recall many of the details of - his' financial compensation, but denied ever receiving “bonuses.” Other deposition testimony included Sherri Her-ron, a payroll manager who stated that no bonus - pay code was- used by CCSI; and Squier, who testified about his role in preparing .answers to interrogatories. The plaintiff also submitted answers to interrogatories in which CCSI admitted that Richards was reimbursed for travel to and from his home in Florida to the Texas job site; that Richards was paid an additional $250 per diem to assist him with expenses for returning home; and that he received no bonuses.
The motions came before the trial court on December 8, 2014.' Numerous exhibits — which included depositions, answers to requests for admissions, answers to interrogatories and requests for production — were admitted into evidence. Based upon its review of the -record and the parties’ memorandums, the trial court granted the' motions for summary judgment. 14Judgment was signed on January 8, 2015, granting the motions for summary judgment and entering judgment in favor of CCSI, Hanover, and GAIC on all claims asserted against them by the plaintiff. Costs were taxed to. the plaintiff.
The plaintiff appealed.
■ LAW

Summary Judgment

A motion for summary judgment is a procedural device used when there is no genuine issue of material fact for all or part of the relief prayed for by a litigant. Samaha v. Rau, 2007-1726 (La.2/26/08), 977 So.2d 880. A summary judgment is reviewed on appeal de novo, with the ap *880 pellate court using the same criteria that govern the trial court’s determination of whether summary judgment is appropriate, i.e., whether there, is any genuine issue of material fact, and whether the movant is entitled to judgment as a matter of law. Samaha v. Rau, supra; Black v. Johnson, 48,779 (La.App.2d Cir.4/9/14), 137 So.3d 170, writ denied, stay denied, 2014-0993 (La.9/12/14) 148 So.3d 574.
Summary judgment shall be rendered-if the pleadings, depositions, answers to . interrogatories, admissions, and affidavits show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art, 966. The mover has the burden of , establishing the. absence of a genuine issue of material fact. If the mover will not bear the burden of proof at trial on the matter, the mover is required to point out to the court the absence of factual support for one or Rmore elements essential to the adverse party’s claim or action. La. C.C.P. art. 966.
A fact is material if it potentially insures or precludes recovery, affects a litigant’s ultimate, success or determines the outcome of the legal dispute. A genuine issue of material fact is one as to which reasonable persons could disagree; if reasonable persons could reach only one conclusion, there 'is no need for trial on that issue and summary judgment is appropriate. King v. Illinois Nat. Ins. Co., 2008-1491 (La.4/3/09), 9 So.3d 780; Todd v. Angel, 48,687 (La.App.2d Cir.1/15/14), 132 So.3d 453, writ denied, 2014-0613 (La.5/16/14), 139 So.3d 1027.

Employer’s Vicarious Liability

An employer is answerable for the damage caused by its employee in the exercise of the functions in which the worker is employed. La. C.C. art. 2320. The controlling phrase in the article is “in the exercise of the functions in which they are employed.” Woolard v. Atkinson, 43,322 (La.App.2d Cir.7/16/08), 988 So.2d 836; Keen v. Pel State Oil Co., Inc., 332 So.2d 286 (La.App. 2d Cir.1976), writ denied, 333 So.2d 234 (La.1976).
An employer’s vicarious liability for conduct not his'own extends only to the employee’s tortious conduct which occurs within the course and scope of that employment. Orgeron v. McDonald, 93-1353 (La.7/5/94), 639 So.2d 224; Woolard v. Atkinson, supra. The course of employment refers to time and place; scope refers to the employment-related risk of injury. Benoit v. Capitol Mfg. Co., 617 So.2d 477 (La.1993); Black v. Johnson, supra.
| (An employer is -responsible for the negligent acts of its employee when the conduct is so closely connected in time, place, and causation to the employment duties of the employee that it constitutes a risk of harm fairly attributable to the employer’s business. Woolard v. Atkinson, supra; Black v. Johnson, supra. Factors useful in determining whether the employee’s act was employment-related include the payment of wages by the employer; the employer’s power of control; the employee’s duty to perform the act in question; the time, place and purpose of the act in relation to the employment; the relationship between the employee’s act and the employer’s business; the benefits received by the employer from the act; the employee’s motivation for performing the act; and the employees reasonable expectation that the employee would perform the act, Orgeron v. McDonald, supra; Black v. Johnson, supra.
 Liability should not be .broadly imposed on, an employer for the torts of his employee where the employer is not himself at fault. As a result,' employers are only held liable for the physical acts of *881 their employees over whom they have control, as opposed to workers over whose movements an employer- has no right to control. Woolard v. Atkinson, supra; Keen v. Pel State Oil Co., Inc., supra. An employer controls the movements of employees when they are performing duties for the employer and only when this right to control exists may vicarious liability be imposed. When employees are performing functions of their employment,.it is as though the employer acts through the employee. The employer receives the benefit of those acts and so he must shoulder the liability for any wrongs committed 17during the performance of the acts. Woolard v. Atkinson, supra; Keen v. Pel State Oil Co., Inc., supra.
The general rule is that an employee, in going to and from work, is not considered as acting within the course and scope of his employment so as to render the employer liable to third persons for tfie employee’s negligence. Alford v. State Farm Auto. Ins. Co., 31,768 (La.App.2d Cir.5/5/99), 734 So.2d 1253, writs denied, 99-1435, 99-1595 (La.9/3/99), 747 So.2d 544, 548; Woolard v. Atkinson, supra.
An exception to this general' rule may apply when an employer provides the transportation used by the employee, to go to and from work, the employer provides expenses or wages for the time spent traveling in the vehicle, or the operation of the vehicle is incidental to the performance of some employment responsibility. Woolard v. Atkinson, supra; Black v. Johnson, supra.
With reference to travel expenses, it is well settled that mere payment of these expenses without an express or implied agreement to furnish transportation does not place the employee within the course of his employment while going to and returning from work when such payments bear no relation to actual travel
expenses and are intended only as an inducement to persuade persons to work-at a particular job site. Yates v. Naylor Indus. Servs., Inc., 569 So.2d 616 (La.App. 2d Cir.1990), writ denied, 572 So.2d 92 (La.1991); Tarver v. Energy Drilling Co., 26,-233 (La.App.2d Cir.10/26/94), 645 So.2d 796.
JgDISGUSSION'
The plaintiff contends that the trial court erred in granting summary judgment because there were issues of material fact as.to whether Richards was in the course and scope of. his employment at the time of the accident. He specifically claims that there was evidence that Richards was paid for his travel expenses. As a result, the plaintiff asserts that Richards fell within the exception to the rule that employees traveling to and from work , are not in the course and scope of employment.
In support of his position', the plaintiff cites several cases, all of which we find to be distinguishable. Notably, the plaintiff relies upon Keith v. Gelco Corp., 30,022 (La.App.2d Cir.12/10/97), 705 So.2d 244, as standing for the proposition that an employer’s inclusion of employeés’ travel time in a bid for a job is a factor in determining whether an employee involved in an accident while traveling home from a job is in the course and scope of employment.
■ In Keith, several employees were injured in an auto collision while being driven home from a work site by a supervisor in a company truck (as:was customary and done on a regular basis). The employer paid for gas and maintenance of the company vehicle. The employees filed a tort suit against their employer, seeking personal injuries damages. Summary judgment was granted in favor of the- employer on the basis that the employees were in *882 the course and scope of their employment at the-time of the accident and, as a result, their exclusive remedy was in workers’ compensation. The appellate court, which affirmed the lower-court, noted that the dispute over whether [ 9employees were paid for. travel time was not material and, consequently, was insufficient to defeat summary judgment.
Keith is clearly distinguishable from the instant case on several grounds. First, in the Keith case, the issue was whether the injured employees were in the course and scope of their employment at the time of the accident, so as to be relegated only to the exclusive remedy of workers’ compensation benefits for their injuries. Vicarious liability'on the employer’s part for the actions of the supervisor; also' an employee, who was driving at the time of the accident; was not discussed. In Keith, the employer provided and maintained the vehicle in which the 'employees were traveling when they were injured; this factor demonstrated that the employer exercised control over their means of transportation. Their supervisor regularly, transported the employees to and from job sites to make sure they were on time and to determine as soon as possible whether he had a full work crew for the day. This factor indicated that transportation was provided for the employer’s interests and was an incident to the employment agreement.' Because the accident occurred close 'in time and place to the employment (course) and the employees were being transported in the employer’s truck due to their employment (scope), the court correctly concluded that they were injured in the course and scope of their employment for purposes of receiving workers’ compensation benefits, in lieu of personal injuries damages.
The plaintiff also cites Phillips v. EPCO Carbon Dioxide Products, Inc., 35,740 (La.App.2d Cir.2/27/02), 810 So.2d 1171, writ not cons., 2002-0979 (La.6/7/02), 817 So.2d 1146. There, an employee who was given a substantial travel allowance was found to be in the course and scope of his employment when- he was killed in a car accident while commuting from home to work in his own truck. '-As a result, the court found that the employee’s family members were entitled to benefits' under the Workers’ Compensation Act. Again, vicarious liability was not an issue.[3]
Likewise, in LeCroy v. Brand Scaffold Bldg., Inc., 95-1522 (La.App. 1st Cir.2/23/96), 672 So.2d 181, writ denied, 96-1442 (La.9/27/96), 679 So.2d 1352, the survivors of two employees killed in an auto accident sued to obtain workers’ compensation benefits. . The employees, who lived more than 100 miles from the job site, received $25 per diem for travel and were killed while en route to the job site. Because they were found to be in the course and scope of their employment, their families were awarded benefits under the Louisiana Workers’ Compensation Law.
The plaintiff also cited several cases involving vicarious liability where disputed issues of material facts precluded summary judgment. See Voinche v. Capps, 2014-671 (La.App. 3d Cir.12/10/14), 155 So.3d 146, writ not cons., 2015-0077 (La.1/27/15), 157 So.3d 1135 (conflicting evidence as to the employee’s actions before the accident); Mackmer v. Estate of Angelle, 2014-665 (La.App. 3d Cir.12/10/14), 155 So.3d 125, writ denied, 2015-0069 (La.4/2/15), 176 So.3d 1031 (missing evi *883 dence as Into the employees’ destination at the time of the accident); and Hopper v. Austin, 49,628 (La.App.2d Cir.3/4/15), 163 So.3d 8 (issue of material fact as to whether rear-ending driver was an employee' or an independent contractor and whether he was texting with his employer when the accident occurred.). Our review of these cases demonstrates that they are factually distinguishable from the instant case.
The appellees maintain that Richards’ employer cannot be held vicariously liable for his actions pertaining to- the auto accident because, at the time the accident occurred, the employer did not have the right to control and did not, in fact, control .Richards’ movements. Assuming that the issue of travel expenses is relevant, they further maintain that the $250 payments made to Richards at the beginning and end of his employment on the project bore no relation to his actual travel expenses. Consequently, the so-called travel expenses did not place Richards in the course and scope of his employment at the time of the accident.
We find that certain cases cited, by the appellees are determinative of the issue before us. Vicarious liability was an issue in Black v. Johnson, supra, a case heavily relied upon by the appellees. An employee, Page, was injured in an auto collision when he was a passenger in a vehicle driven by a coworker, Johnson. Both were temporary employees of the same employer and received hourly wages and a per diem. Johnson worked on a próject-by-project basis and reapplied for each future project. At the time of the accident, the men were traveling to their job site in Johnson’s truck. Page sued Johnson and their mutual employer for personal injuries. The | ^employer filed a motion ■for summary judgment, asserting that the employees were not in the course and scope of their employment at the time of the accident.[4] ' The trial court granted the motion, and this court affirmed. The appellate court found that Johnson was not on a work mission, but merely commuting to work at the time of the accident. The per diem paid by the employer was an inducement to recruit and retain temporary employees, and it was available to all employees regardless of where they lived. The appellate court noted that Johnson was free to do what he pleased in his- free time between shifts,.. Because Johnson was not in the course and scope of his employment at the time of the accident, his employer was entitled to summary judgment as a matter of law.
In Woolard v. Atkinson, supra, an employee was driving' his personal vehicle from home to work when he was involved in an auto accident.' His employer was named as a defendant in the other driver’s ensuing lawsuit, which sought to hold the employer vicariously liable for the employee’s actions. The employer filed a motion for summary judgment, which was granted by the trial court on the basis that the employee was not in the course and scope of his employment at the time the accident occurred. On appeal, this court affirmed. The employee’s job required him to travel to meetings around the state, and he received $200 per month for work expenses. However, he submitted no documentation of travel expenses, and he was not specifically reimbursed for mileage driven. At the time of the ^accident, the employee was merely commuting to work and was not on any’mission for the employer. The employer did not control the employee’s movements in going to and from work, and *884 -driving the vehicle was not a function of his employment. Furthermore, the appellate-court held that the employer’s payment of a monthly travel allowance did not create a genuine issue of material fact as to whether the employee was in the course and scope of his employment, since the opponent to the motion for summary judgment failed to establish that the employee was. on a .mission benefitting his employer .or was performing a job duty at the time of the action. ■
In Davis v. Green, 44,033 (La.App.2d Cir.2/25/09), 5 So.3d 291, writ denied, 2009-0984 (La.6/19/09), 10 So.3d 742, a Wal-Mart employee was leaving her employer’s parking'lot when she was involved in an auto' collision. She had clocked out from her job and was driving a friend’s ear to run a personal errand to pick up her child from daycare. The other driver sued and sought to hold Wal-Mart vicariously liable for the accident. Following a bench trial, the trial court ruled against Wal-Mart, relying upon provisions in its employee handbook pertaining to parking and testimony about employees’ duty to assist customers even after clocking out. However, the appellate court reversed, holding that the employee was not in the course and scope of her employment at. the time of the accident. Because she had clocked out and driven almost completely off the Wal-Mart premises, she was outside, the time and place elements of the “course” of her employment. Also, her acts in leaving the premises to go to the daycare were of no benefit to her employer, thus placing her outside the “scope” of | i4her employment. As to the element of the employer’s control, specifically the employee’s duty to assist customers and the handbook provisions, the court found that “the evidence of right of control withers ■ under scrutiny.”
In the instant case, whether CCSI paid Richards any travel expenses — be it through'a “bonus” or a per diem — is irrelevant to the issue of CCSl’s vicarious liability under the facts presented and does not create a genuine- issue of material fact as to whether Richards was acting within the course and scope of his employment with CCSI. At the time of the accident in Louisiana, Richards — who was no longer ah employee of CCSI — was driving home to Florida in his own vehicle. His former job duties as a boilermaker did not require the use of a vehicle. He was more than 600 mile's away from the CCSI job site in Texas. He was not on a mission for CCSl’s benefit or performing any job duty for CCSI. At the moment Richards’ truck rear-ended the vehicle in which the plaintiff was a passenger, CCSI was exercising absolutely no control over him. Furthermore, it had no right to control him at that moment. Richards was free to return home — or, for that matter, go anywhere else — by any route, by any means, and in any manner he chose.[5] The fact that his actions in traveling home resulted in an automobile accident in which the plaintiff was 1^injured and another man was killed is undeniably a tragedy. However, we find no basis for 'imposing vicarious liability for his actions upon his former employer, CCSI. Richards’ allegedly tortious actions after leaving his employer’s work site after the termination of his employment is not “a risk of harm fairly attributable to *885 the employer’s business” for which CCSI should bear legal responsibility.
Based upon our de novo review of the record, we find that there is no genuine issue of material fact regarding whether Richards was in the course and scope of his employment at the time of the accident. His employer and its insurers are entitled to summary judgment as a matter of law.
CONCLUSION
The trial court’s ruling granting summary judgment in favor of Certified Constructors’ Services, Inc., Great American Insurance Company, and Hanover Insurance Company is affirmed. Costs; of this appeal are assessed to the appellant, Ricky Winzer.
AFFIRMED.

. According to the evidence in the record, CCSI is engaged in the business of providing onsite mechanical construction services for power generating and other industrial job sites. In October 2009, CCSI contracted with ConocoPhillips to perform precipitator repair services at a job site in Borger, Texas. Richards commenced work for CCSI on October 26, 2009, as a boilermaker on the Borger project and remained in this capacity until December 19, 2009.

. In pertinent part, Richards’ deposition contained the following exchanges:,
Q Okay. My understanding is that CCSI’s work on the Borger, Texas project also ended on December 19th and that’s why you were laid off. Is that correct?
A Yes, sir.
[[Image here]]
Q Okay. So all this testimony we talked about ... filing a workers’ compensation claim,' on reflection you believe that was incorrect, it was a claim for unemployment benefits; is that correct?
Á Yes, sir.... I did not file workers’ compensation because I was not working. There’s no way I could file workers’ compensation....

. As we indicated in Woolard v. Atkinson, supra, different liability standards apply in workers' compensation and tort cases, “since liability for compensation benefits is determined by the employer’s conduct regarding its employee, whereas the employer’s vicarious liability to third parties is based upon conduct not its own.”

. The employer alternatively claimed that, if the employees were in the course and scope of their employment, their sole 'remedy was workers' compensation. However, the court did not find it necessary to address this claim.

. Richards corroborated this in his deposition ■ 'testimony:
Q If you wanted to, you could have got in your car and traveled to Maine if you wanted to.
A Yeah. Don’t have to go home. You’re laid off. You're done with the job for them. And when you’re laid off, you can do what you want to do. But you are no longer allowed back on ConocoPhillips, because you’ve been laid off until they rehire you.