Judgment rendered August 10, 2022.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 54,656-CA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

JULIE LOWE and                                    Plaintiffs-Appellees
MATTHEW LOWE

versus

OLD AMERICAN INDEMNITY                            Defendants-
COMPANY, TERRELL                                  Appellant/Appellees
MENDENHALL, AMERICAN
ALTERNATIVE INSURANCE
CORPORATION, and BOSSIER
PARISH EMERGENCY
MEDICAL SERVICES

* * * * *

Appealed from the
Twenty-Sixth Judicial District Court for the
Parish of Bossier, Louisiana
Trial Court No. 162089

Honorable Charles A. Smith, Judge

* * * * *

UNGARINO & MALDONADO, LLC              Counsel for Appellant,
By: Wayne Robert Maldonado            American Alternative
     Jason Michael Nash               Insurance Corporation

JOHNSON, RAHMAN & THOMAS              Counsel for Appellee-
By: Patricia Jackson Delpit           Intervenor, Louisiana
                                      Workers' Compensation
                                      Corporation

THE CLAYTON FIRM, LLC
By:  Joshua O. Clayton

Counsel for Appellees,
Julie Lowe and Matthew
Lowe

THE SARTIN LAW FIRM
By:  J. Cole Sartin

JEANSONNE & REMONDET, LLC
By:  Michael J. Remondet, Jr.
     Ted Paul Sorrells

Counsel for Appellees,
National Casualty
Company and Norwela
Council Boy Scouts of
America

DEREK M. TANNER & ASSOCIATES
By:  William Howard Justice

Counsel for Appellees,
Old American Indemnity
Company and Terrell
Mendenhall

* * * * *

Before STONE, COX, and ROBINSON, JJ.

**STONE, J.**

This civil appeal arises from the 26th Judicial District Court, the Honorable Charles A. Smith presiding. The plaintiff, Julie Lowe, a Bossier Parish EMS ambulance driver, suffered injuries in a vehicular collision. Julie and her husband, Matthew Lowe ("the Lowes"), sued the other driver, Terrell Mendenhall ("Mendenhall"), and his liability insurer, Old American Indemnity Company ("Old American"). Additionally, the Lowes sued Mendenhall's employer, Norwela Council of Boy Scouts of America ("Norwela"), and its insurer, National Casualty Company ("National Casualty") on a theory of vicarious liability. The Lowes also sued Julie's employer's uninsured/underinsured motorist carrier, American Alternative Insurance Corporation ("AAIC"). AAIC appeals the granting of a motion for summary judgment filed by Norwela and National Casualty. That judgment is based on the conclusion that vicarious liability does not extend to Norwela. Based on the following reasons, we affirm the judgment of the trial court.

## FACTS AND PROCEDURAL HISTORY

Just before 1:00 p.m. on November 4, 2019, Julie was transporting a patient by ambulance to the hospital. She was traveling southbound on US Highway157 when she became involved in an accident with a vehicle driven by Mendenhall. At the time of the accident, Mendenhall was driving his personal vehicle, which was insured by Old American. Mendenhall was an employee of Norwela, which is insured by National Casualty. The collision occurred at the intersection of US Highways 157 and 80 when Julie proceeded through a red light with the ambulance lights and siren activated while sounding the horn to warn motorists of her approach. Despite these

warning signals, Mendenhall continued driving through the intersection and collided with the front of the ambulance. Julie suffered bodily injuries and incurred medical expenses as a result of the collision, and Matthew claims loss of consortium damages.

On March 27, 2020, the Lowes filed suit against Mendenhall and his liability insurer, Old American and against AAIC. On January 15, 2021, the plaintiffs filed a first supplemental petition adding Norwela and National Casualty on a theory of vicarious liability. The Lowes and AAIC allege that Mendenhall was in the course and scope of his employment at the time of the accident, thus making Norwela and National Casualty vicariously liable.

On June 14, 2021, Norwela and National Casualty filed a motion for partial summary judgment asserting that Mendenhall was not in the course and scope of employment at the time of the accident. They submitted Mendenhall's deposition testimony. He testified that he was a salaried employee who was paid every two weeks by Norwela and a typical workday was from 8:00 a.m. to 5:00 p.m. Mendenhall testified that although his employer required him to maintain a written log of both his personal and business mileage daily, he was only reimbursed for business mileage. He stated that he was working all day on the date of the accident which included going to the Norwela's office and to various schools in the Caddo-Bossier area. In his testimony, Mendenhall admitted that the mileage calculation was erroneous because he had logged only 28 miles for that day.[1] Mendenhall testified that he used his cellphone for both business and

---

[1] He logged 20 miles for business and 8 miles for personal. He testified that typically he would leave his home in Springhill and arrive at the Norwella's office between 8:00 a.m. and 8:20 a.m. each day.

3

personal reasons and that Norwela provided him a monthly $50 stipend toward the payment of his cellphone bill. Mendenhall could not recall whether he was using his cellphone at the time of the collision.[2]  He testified that he typically takes his lunch break from 12:00 p.m. until 1:00 p.m., and uses that time to look over his notes to prepare for the next meeting. Mendenhall testified that he left a school in Bossier City and was headed to lunch at the Huddle House in Minden when the accident occurred. His next scheduled meeting for Norwela was not until 5:00 p.m. or 6:00 p.m. that day.[3]

The plaintiffs, Old American, and AAIC opposed the motion for partial summary judgment. A hearing was held on August 9, 2021, and the trial court granted the motion for partial summary judgment and dismissed with prejudice plaintiffs' claims against Norwela and National Casualty. AAIC appeals, arguing that there is a genuine issue of material fact regarding the course and scope of Mendenhall's employment at the time of the accident.[4]

## DISCUSSION

AAIC contends that there is a genuine issue of material fact because Mendenhall was a salaried employee who was given a cell phone allowance, and he was required to track all of his vehicle mileage, even on days off, and was paid for his work mileage. AAIC urges that there is no clear indication

---

[2] AAIC attempted to attach Mendenhall's cellphone record at the hearing, but the district court did not allow the records to be introduced because the requirements of La. C.C. 966(A)(4) were not met. The call log was attached to the pleadings, however, and indicates that calls were not registered or made until two hours after the accident occurred.

[3] He estimated he had been traveling on the road for approximately 15 minutes when the accident occurred.

[4] Plaintiffs did not appeal.

4

that Mendenhall logged personal miles at the time of the accident. Norwela paid Mendenhall a salary with general work hours of 8:00 a.m. to 5:00 p.m., and the accident occurred during his work hours approximately at 12:55 p.m.

Norwela and National Casualty argue that on the date and time of the accident, Mendenhall did not have any scheduled appointments for Norwela in Minden, Louisiana. They assert that at the time of the accident, Mendenhall was traveling to get lunch in Minden, Louisiana and that Norwela does not direct or control employees with respect to personal missions such as meals. They urge that Mendenhall was in his personal vehicle and that they only reimburse him for business-related mileage. They assert that Mendenhall's duties for Norwela include:fundraising, troop/pack engagement, troop/pack liaison duties, selling popcorn, and visiting schools. Norwela and National Casualty contend that Mendenhall's next appointment for them was scheduled for 5:00 p.m. or 6:00 p.m. in Bossier City.

A motion for summary judgment is a procedural device used when there is no genuine issue of material fact for all or part of the relief prayed for by a litigant. *Reynolds v. Bordelon*, 14-2371 (La. 6/30/15), 172 So. 3d 607. A motion for summary judgment shall be granted if the motion, memorandum and supporting documents show there is no genuine issue as to material fact and the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(A)(3). A fact is material when its existence or nonexistence may be essential to plaintiff's cause of action under the applicable theory of recovery. *Peironnet v. Matador Res. Co.*, 12-2292 (La. 6/28/13), 144 So. 3d 791, 814. A genuine issue is one as to which reasonable persons could disagree; if reasonable persons could reach only one conclusion, there is no need for a trial on that issue and summary judgment is appropriate. *Hines v.*

5

*Garrett*, 04-0806 (La. 6/25/04), 876 So. 2d 764; *Franklin v. Dick*, 51,479 (La. App. 2 Cir. 6/21/17), 224 So. 3d 1130. In determining whether an issue is genuine, a court should not consider the merits, make credibility determinations, evaluate testimony or weigh evidence. *Chanler v. Jamestown Ins. Co.*, 51,320 (La. App. 2 Cir. 5/17/17), 223 So. 3d 614, *writ denied*, 17-01251 (La. 10/27/17), 228 So. 3d 1230.

The only documents that may be filed in support of or in opposition to the motion are pleadings, memoranda, affidavits, depositions, answers to interrogatories, certified medical records, written stipulations, and admissions. La. C.C.P. art. 966(A)(4). Furthermore, the court may consider only those documents filed in support of or in opposition to the motion for summary judgment and shall consider any documents to which no objection is made. La. C.C.P. art. 966(D)(2).

An appellate court reviews a trial court's granting of summary judgment *de novo* under the same criteria that govern the trial court's consideration of whether summary judgment is appropriate, i.e., whether there is any genuine issue of material fact and whether the movant is entitled to judgment as a matter of law. *McDonald v. PNK (Bossier City), LLC*, 53,561 (La. App. 2 Cir. 9/23/20), 304 So. 3d 143, *writ denied*, 20-01416 (La. 2/9/21), 310 So. 3d 179.

An employer is answerable for the damage caused by its employee in the exercise of the functions in which the worker is employed. La. C.C. art. 2320. The controlling phrase in the article is "in the exercise of the functions in which they are employed." *Winzer v. Richards,* 50,330 (La. App. 2 Cir. 1/13/16), 185 So. 3d 876; *Woolard v. Atkinson,* 43, 322 (La. App. 2 Cir. 7/16/08), 988 So. 2d 836; *Keen v. Pel State Oil Co., Inc.,* 332 So.

6

2d 286 (La. App. 2 Cir. 1976), *writ denied,* 333 So. 2d 234 (La. 1976). An employer's vicarious liability for conduct not his own extends only to the employee's tortious conduct which occurs within the course and scope of that employment. *Orgeron v. McDonald,* 93-1353 (La. 7/5/94), 639 So. 2d 244; *Woolard, supra.* The course of employment refers to time and place; scope refers to the employment-related risk of injury. *Benoit v. Capitol Mfg. Co.,* 617 So. 2d 477 (La. 1993); *Black vs. Johnson,* 48, 779 (La. App. 2 Cir. 4/9/14), 137 So. 3d 170, *writ denied,* 14-0993 (La. 9/12/14), 148 So. 3d 574; *Winzer, supra.*

An employer is responsible for the negligent acts of its employee when the conduct is so closely connected in time, place, and causation to the employment duties of the employee that it constitutes a risk of harm fairly attributable to the employer's business. *Winzer, supra; Woolard, supra. Black, supra.* The following non-exclusive list of factors should be considered in determining the course and scope of employment: (1) the payment of wages by the employer; (2) the employer's power of control; (3) the employee's duty to perform the particular act in question; (4) the time, place and purpose of the act in relation to service of the employer; (5) the relationship between the employee's act and the employer's business; (6) the benefits received by the employer from the act; (7) the employee's motivation for performing the act; and (8) the reasonable expectation of the employer that the employee would perform the act. *Orgeron, supra; Ragland v. Hodge,* 32, 433 (La. App. 2 Cir. 12/8/99), 748 So. 2d 567; *Winzer, supra; Black, supra.*

Liability should not be broadly imposed on an employer for the torts of his employee where the employer is not himself at fault. *Winzer v. Richards,*

7

*supra.* As a result, employers are only held liable for the physical acts of their employees over whom they have control, as opposed to workers over whose movements an employer has no right to control. *Id.; Woolard, supra; Keen, supra.* An employer controls the movements of employees when they are performing duties for the employer and only when this right to control exists, may vicarious liability be imposed. *Id.* When employees are performing functions of their employment, it is as though the employer acts through the employee. *Id.* The employer receives the benefit of those acts and so he must shoulder the liability for any wrongs committed during the performance of the acts. *Id.*

The general rule is that an employee, in going to and from work, is not considered as acting within the course and scope of his employment so as to render the employer liable to third persons for the employee's negligence. *Alford v. State Farm Auto. Ins. Co.,* 31, 763 (La. App. 2d Cir. 5/5/99), 734 So. 2d 1253, *writs denied,* 99-1435, 99-1595 (La. 9/3/99), 747 So. 2d 544, 548; *Woolard, supra; Winzer, supra.* However, there are jurisprudentially recognized exceptions to this general rule depending on the circumstances of the case. *Id.* An accident has been found to be in the course and scope of employment in situations where the employer provided the transportation used by the employee to go to and from work, the employer provided expenses or wages for the time spent traveling in the vehicle, or operation of the vehicle was incidental to the performance of some employment responsibility. *Woolard, supra; Winzer, supra; Black, supra.*

It is well settled that the mere payment of travel expenses without an express or implied agreement to furnish transportation, does not place the employee within the course of his employment while going to and returning

from work when such payment bears no relation to actual travel expenses. *Winzer, supra.* When an employer pays expenses and the trip in question is employment-connected, an employee is in the course and scope of employment while away from his workplace. *Black, supra.*

In the matter *sub judice*, there is no dispute that Mendenhall was a salaried employee of Norwela, that he was provided a monthly $50 stipend toward to payment of his cell phone bill, and that he was reimbursed for business-related mileage. At the time of the accident, Norwela was not exercising any control over Mendenhall; he had completed his morning meetings on behalf of Norwela; his next scheduled appointment for Norwela was at either 5:00 p.m. or 6:00 p.m. later that day; and he was on his way to lunch. Norwela did not have the power to decide the location where Mendenhall would go for his lunch break. An employee's lunch break is a personal decision not directly controlled by an employer.

The accident happened at an appreciable distance from the last appointment in Bossier City. Mendenhall testified that he traveled approximately 15 minutes before the accident occurred; that he was heading to eat lunch at the Huddle House in Minden (Webster Parish); and that he planned to use his lunch to go over notes before his next job. There is no evidence that Norwela required Mendenhall to review his notes during his lunch break. When the accident occurred, Mendenhall was not heading to a troop/pack meeting, a fundraising event, or heading to visit a school on behalf of Norwela. Mendenhall was not, nor was he expected to be, reimbursed the mileage for the travel distance between Bossier City and the Huddle House in Minden.

Furthermore, not even Mendenhall's intent to look over his notes once he made it to the Huddle House places him in the course and scope of his employment. Mendenhall never made it to Minden because of the accident, and his employer did not derive or receive any benefit from the intended act; he was not on a mission for Norwela's benefit or performing any job duty for the company as he was not scheduled to go to another job until 5:00 p.m. or 6:00 p.m., which is a four to five-hour gap in time. When the accident occurred, Mendenhall's sole motivation was completely personal: to have lunch.

Clearly, Mendenhall's general activity of driving at this time to have lunch does not place him within the scope of his employment. Although Mendenhall was a salaried employee whose hours varied, there is also no question that he had completed his employee duties before he left the last school in Bossier City. The record cannot support a finding that Mendenhall was acting in the course and scope of his employment when the accident occurred, and therefore, Norwela and National Casualty are not vicariously liable. Based upon our *de novo* review of the record, we find that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law.

## CONCLUSION

For the reasons set forth above, the judgment of the trial court is affirmed. Costs of this appeal are assessed to the appellant, American Alternative Insurance Corporation.

**AFFIRMED.**

10